UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAFRON CAPITAL CORPORATION,<br>Individually and on behalf of all others<br>Similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>CHESAPEAKE ENERGY CORPORATION,<br>AUBREY K. MCCLENDON,<br>MARCUS C. ROWLAND,<br>MICHAEL A. JOHNSON,<br>RICHARD K. DAVIDSON,<br>FRANK A. KEATING, BREENE M. KERR,<br>CHARLES T. MAXWELL,<br>MERRILL A. MILLER, JR.,<br>DONALD L. NICKLES, FREDERICK B.<br>WHITTEMORE,<br>UBS INVESTMENT BANK, ABN AMRO,<br>BANC OF AMERICA SECURITIES, LLC<br>And WELLS FARGO SECURITIES,<br><br>    Defendants. | Case No. CV-09-01114-D |

**UNDERWRITER DEFENDANTS' MOTION WITH BRIEF
IN SUPPORT TO DISMISS AMENDED COMPLAINT**

Plaintiff asserts two causes of action against defendants UBS Investment Bank, ABN Amro, Banc of America Securities LLC and Wells Fargo Securities (the "Underwriter Defendants"), a claim under Section 11 (Count I) and under Section 12(a)(2) (Count II) of the Securities Act of 1933. For the reasons stated in the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss submitted by Chesapeake Energy Corporation and the Individual Defendants, plaintiff's claims should be dismissed as to the Underwriter Defendants.

In addition, plaintiff's claim against the Underwriter Defendants under Section 12(a)(2) should be dismissed because plaintiff has failed to allege with specificity that it purchased securities from or was solicited by any of the Underwriter Defendants. Section 12(a)(2) of the Securities Act provides a remedy for a person who purchases a security from another person who "offers or sells a security by means of a prospectus…which includes an untrue statement of material fact or omits to state a material fact." 15 U.S.C. §77l(a)(2). In *Pinter v. Dahl*, 486 U.S. 622 (1988), the Supreme Court held that liability as a statutory seller under Section 12[1] applies to the person who passes title to the securities, and extends "to the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Id*. at 647. *See also*, *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1307 (10th Cir. 1998). According to the Court in *Pinter*, liability under Section 12 extends only to "immediate sellers, or those who were directly involved in the actual solicitation of a securities purchase." *Pinter*, *supra*, 486 U.S. at 644, n. 21.

To state a claim under Section 12, plaintiff must at a "minimum allege facts" that defendant either sold the securities at issue to plaintiff or solicited his purchase of them. *Maher*, *supra*, 144 F. 3d at 1307. *See also*, *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 406 (D. Md. 2004)("the complaint must allege by whom the

---

[1] Although the holding in *Pinter v. Dahl*, 486 U.S. 622 (1988), applied only to Section 12(a)(1) violations, the definition of a statutory seller has been applied by the courts to Section 12(a)(2). *See Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1307 n. 10 (10th Cir. 1998) (citing *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 635 (3d Cir. 1990)); *Burford White Lumber Co. Profit Sharing and Savings Plan & Trust v. Octagon Properties LTD*, 740 F. Supp.1553, 1557-58 (W.D. Ok. 1989).

plaintiffs were solicited and from whom they purchased shares; these assertions must be supported by specific factual allegations demonstrating a direct relationship between the defendant and the plaintiff-purchaser."); *In re Countrywide Financial Corporation Securities Litigation*, 588 F. Supp. 2d 1132, 1183 (C.D. Cal. 2008)(Court dismissed Section 12(a)(2) claim, as "[p]laintiffs fail to plead that they purchased the securities directly from specific underwriters, as required.")

In the Amended Complaint, plaintiff fails to allege that any of the Underwriter Defendants sold to plaintiff or solicited for purchase any of the securities at issue. Accordingly, plaintiff's Section 12(a)(2) is deficient, and it must be dismissed as to the Underwriter Defendants.

    s/Ryan S. Wilson
Drew Neville, OBA #6641
Ryan S. Wilson, OBA #14340
Hartzog, Conger, Cason & Neville
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, OK 73102
Tel: (405) 235-7000
Fax: (405) 996-3403
*Attorneys for Defendants UBS Securities LLC, ABN AMRO Incorporated, Banc of America Securities LLC and Wells Fargo Securities LLC*

- and –

Barry Sher (*Pro Hac Vice Pending*)
Daniel Goldman (*Pro Hac Vice Pending*)
Hissan Bajwa (*Pro Hac Vice Pending*)
Reagan Roth (*Pro Hac Vice Pending*)
Paul, Hastings, Janofsky & Walker, LLP
75 East 55th Street
New York, New York 10022
Tel: (212) 318-6000

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of November, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Samuel H. Rudman<br>David A. Rosenfeld<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>58 South Servicer Road, Suite 200<br>Melville, NY 11747<br><br>*Attorneys for Plaintiff*<br><br>***Via U.S. Mail*** | James R. Webb<br>McAfee & Taft<br>A Professional Corporation<br>Tenth Floor, Two Leadership Square<br>211 N. Robinson<br>Oklahoma City, OK 73102<br><br>and<br><br>Robert P. Varian<br>M. Todd Scott<br>E. Joseph Giometti<br>Lily I. Becker<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building, 405 Howard St.<br>San Francisco, CA 94105-2669<br><br>and<br><br>David Shane Keenan<br>Orrick, Herrington & Sutcliffe<br>701 Fifth Avenue Suite 5700<br>Seattle, WA 98104<br><br>*Attorneys for Defendants, Chesapeake Energy Corp., Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, Frederick B. Whittemore* |

                                              s/Ryan S. Wilson