UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  -against-<br><br>CHESAPEAKE ENERGY CORPORATION, AUBREY K. MCCLENDON, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, RICHARD K. DAVIDSON, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, MERRILL A. MILLER, JR., DONALD L. NICKLES, FREDERICK B. WHITTEMORE, UBS INVESTMENT BANK, ABN AMRO, BANC OF AMERICA SECURITIES LLC and WELLS FARGO SECURITIES,<br><br>    Defendants. | **Civil Action No. 5:09-CV-1114**<br><br>**CLASS ACTION**<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION OF THE SECURITIES LAWS** |

Defendants Chesapeake Energy Corporation ("Chesapeake"), Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, and Frederick B. Whittemore (collectively, the "Chesapeake Defendants"), by and through their undersigned counsel, respectfully request that this Court take judicial notice of, and otherwise consider, the following documents, which are attached in support of their motion to dismiss Plaintiff's Amended Complaint.

1.  Chesapeake's Form 424B2, filed with the Securities and Exchange Commission ("SEC") on July 10, 2008.  A true and correct copy of this document is attached hereto as Exhibit A.

2.  Chesapeake's Form 10-K, filed with the SEC on March 2, 2009.  A true and correct copy of this document is attached hereto as Exhibit B.

3.  Chesapeake's Stock and Natural Gas Prices from February 11, 2008 through October 13, 2008, as reported via the Internet.  A true and correct copy of this document is attached hereto as Exhibit C.

4.  Chesapeake's Form 4, filed with the SEC on October 10, 2008.  A true and correct copy of this document is attached hereto as Exhibit D.

5.  Chesapeake's Form 8-K, filed with the SEC on October 14, 2008.  A true and correct copy of this document is attached hereto as Exhibit E.

6.  Chesapeake's Form DEF 14A, filed with the SEC on April 29, 2008.  A true and correct copy of this document is attached hereto as Exhibit F.

7. Chesapeake's Form DEF 14A, filed with the SEC on April 30, 2007. A true and correct copy of this document is attached hereto as Exhibit G.

8. Chesapeake's Form SC 13D, filed with the SEC on February 22, 2006. A true and correct copy of this document is attached hereto as Exhibit H.

9. Chesapeake's Form SC 13D, filed with the SEC on June 18, 2003. A true and correct copy of this document is attached hereto as Exhibit I.

10. Chesapeake's Stock Prices from October 6, 2008 through October 13, 2008, as reported via the Internet. A true and correct copy of this document is attached hereto as Exhibit J.

11. Chesapeake's Form 10-Q, filed with the SEC on May 12, 2008. A true and correct copy of this document is attached hereto as Exhibit K.

12. Chesapeake's Form 10-Q, filed with the SEC on November 9, 2009. A true and correct copy of this document is attached hereto as Exhibit L.

13. An article from Bloomberg News, published June 16, 2008. A true and correct copy of this document is attached hereto as Exhibit M.

14. An article from Reuters, published July 11, 2008. A true and correct copy of this document is attached hereto as Exhibit N.

15. Chesapeake's Form 10-Q, filed with the SEC on November 10, 2008. A true and correct copy of this document is attached hereto as Exhibit O.

16. Chesapeake's Form DEF 14A, filed with the SEC on April 29, 2005. A true and correct copy of this document is attached hereto as Exhibit P.

## II.   DISCUSSION

The documents attached hereto are properly considered in connection with a motion to dismiss a securities class action complaint pursuant to the Federal Rules of Evidence and established precedent.  Plaintiff relies extensively on Chesapeake's SEC filings and press releases, Chesapeake's stock prices, and other publicly available information in support of its allegations.  Amended Complaint ¶ 1 (basing its allegations upon, *inter alia*, "'SEC' filings . . ., securities analysts' reports and advisories . . ., press releases and other public statements issued by the Company, [and] media reports").  Having been woven into the fabric of this case, these and related documents are especially well-suited for consideration in a motion to dismiss, where they were relied upon by plaintiff, were available to investors, and are not subject to reasonable dispute.

### A.   The Court Should Take Judicial Notice of Documents Necessarily Relied Upon in the Complaint

A court may take judicial notice of facts not subject to reasonable dispute and whose accuracy cannot reasonably be questioned, whether requested by a party or not. Fed. R. Evid. 201(b)-(c).  In addition, a court may take judicial notice of documents that are referred to in and are central to the complaint, even if those documents were not attached to the complaint or explicitly incorporated by reference.  *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).  Here, the Complaint necessarily relies upon a number of public filings, the prices of Chesapeake stock and natural gas, as well as Chesapeake's press releases.  Amended Complaint ¶¶ 7-13.  Consequently, all of these classes of

documents are central to and incorporated by reference into the Amended Complaint, and are proper subjects for consideration at this stage of the proceedings.

    **B.**    **The Court Should Take Judicial Notice of Chesapeake's SEC Filings and Press Releases**

"Courts routinely consider public filings at the motion to dismiss stage." *Thomas v. Metro. Life Ins. Co.*, No. CIV-07-0121, 2008 WL 4619822, at *5 (W.D. Okla. Oct. 16, 2008) (noting that there was "nothing to be gained . . . from postponing consideration of the SEC-filings' impact on the viability of this action"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (noting that "press releases are proper to consider under the incorporation by reference doctrine"). Here, the Complaint refers repeatedly to Chesapeake's public filings and press releases and the alleged misstatements, omissions, or corrections therein, further bolstering the propriety of noticing and considering these documents on a motion to dismiss. Amended Complaint ¶¶ 7-9.

    **C.**    **The Court Should Take Judicial Notice of Historical Stock and Natural Gas Prices**

"It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (taking judicial notice of historical earnings figures on a Website). Additionally, a "district court may take judicial notice of well-publicized stock prices without converting the motion to dismiss into a motion for summary judgment." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167 (2d Cir. 2000). Here, plaintiff rests its allegations in part upon the movement in prices of Chesapeake stock and natural gas,

making these historical facts appropriate for consideration as to the motion to dismiss. Amended Complaint ¶¶ 9-13.

### III. CONCLUSION

For the foregoing reasons, the Chesapeake Defendants respectfully request that the Court take judicial notice of, and otherwise consider each of the documents subject to this request.

November 16, 2009

        Respectfully submitted,

        Orrick, Herrington & Sutcliffe LLP

        By:  */s/ Robert P. Varian*
            Robert P. Varian
            M. Todd Scott
            Joseph Giometti
            Lily Becker
            David S. Keenan
            The Orrick Building
            405 Howard Street
            San Francisco, CA 94105-2669
            (415)773-5700
            (415)773-5759
            rvarian@orrick.com

*Attorneys for Defendants Chesapeake Energy Corporation, Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, Frederick B. Whittemore*