UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>               -against-<br><br>CHESAPEAKE ENERGY CORPORATION, AUBREY K. MCCLENDON, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, RICHARD K. DAVIDSON, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, MERRILL A. MILLER, JR., DONALD L. NICKLES, FREDERICK B. WHITTEMORE, UBS INVESTMENT BANK, ABN AMRO, BANC OF AMERICA SECURITIES LLC and WELLS FARGO SECURITIES,<br><br>               Defendants. | **Civil Action No. 5:09-CV-1114**<br><br>**CLASS ACTION**<br><br>**CHESAPEAKE ENERGY AND INDIVIDUAL DEFENDANTS' MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AMENDED COMPLAINT** |

I.  **INTRODUCTION**

As demonstrated in the Motion to Dismiss filed herewith, plaintiff's Amended Complaint (the "Complaint") should be dismissed in its entirety as a matter of law.  Out of an abundance of caution, this Motion seeks to strike individual allegations, set forth in paragraphs 1 and 68 of the Complaint, because those allegations (1) conflict with the Complaint's definition of the alleged class set forth in paragraph 51, and (2) appear to expand the class definition to include purchasers who cannot demonstrate standing or entitlement to assert a claim under Sections 11 or 12 of the '33 Act.

It is well-settled that allegations that would result an untenable or legally defective class may be stricken prior to discovery and class certification.  *See, e.g., Riley v. Compucom Sys., Inc.*, 2000 WL 343189, at *1 (N.D. Tex. Mar. 31, 2000) (using motion to strike to test class allegations); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming order striking class allegations from complaint).

Paragraph 51 of the Complaint alleges that the action is brought on behalf of "all persons who purchased Chesapeake common stock in the Offering," and uses that allegation as the definition of the "Class."  As demonstrated below, that is the only appropriate class definition given the pleadings and applicable law.

Importantly, the Offering at issue was a secondary offering of twenty-five million shares of common stock pursuant to a registration statement that became effective on July 9, 2008.  Compl. ¶¶ 1, 31, 32.  At the time of the Offering, Chesapeake already had more than 500,000,000 shares of common stock -- issued in numerous prior offerings pursuant to earlier registration statements -- trading in large volumes on a daily basis.

Paragraphs 1 and 68 of the Complaint nevertheless appear to attempt to expand the class alleged by the Complaint beyond "persons who purchased in the Offering," to include investors who bought stock after the Offering -- on the open market in which hundred of millions of shares of common stock issued in prior offerings pursuant to other registration statements trade continuously.  Paragraph 1 alleges that the claims in the

Complaint are asserted on behalf of all purchasers who bought common stock issued "pursuant to" the registration statement for the July 9, 2008 Offering, while paragraph 68 speaks of shares acquired "pursuant and/or traceable to" the registration statement for the Offering.

Because it is impossible for anyone who did not purchase shares in the Offering to "trace" their common stock to the registration statement or Offering at issue, no one who purchased shares in the open market can possibly have a claim. Nor can such purchasers be imported into the alleged class via the allegations of paragraphs 1 or 68. Accordingly, Chesapeake respectfully requests the Court strike the allegations in paragraphs 1 and 68 of the Complaint where they purport to expand the class to investors who must "trace" their shares to the Secondary Offering.

II.   **LEGAL STANDARDS**

A party may move to strike from a pleading "any insufficient defense or any redundant, immaterial, or impertinent . . . matter." Fed. R. Civ. P. 12(f). "Federal courts have used motions to strike to test the viability of a class at the earliest pleading stage of the litigation." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003); *Riley,* 2000 WL 343189 at *1; *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995); *Miller v. Motorola, Inc.*, 796 F.R.D. 516, 518 (N.D. Ill. 1977). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery" and class certification. *Sanders*, 2009 WL 150950, at *9 (citing *Thompson v. Merck & Co.*, 2004 WL 62710, at *5 (E.D. Pa. Jan. 6, 2004)).[1]

The Supreme Court has noted that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly

---

[1] *See also Kamm*, 509 F.2d at 212; *Hibbs-Rines*, 2009 WL 513496, at *3; *Germain v. J.C. Penney Co.*, 2009 WL 1971336, at *5 (C.D. Cal. July 6, 2009) (striking CLRA claims).

encompassed within the named plaintiff's claim." *Gen. Tel. Co. of the Southwest. v. Falcon*, 457 U.S. 147, 160 (1982). In those situations, "[t]he court need not wait for a motion for class certification[.]" *Stubbs*, 224 F.R.D. at 674. In addition, Rule 23 itself confers broad discretion on district courts to make orders requiring "that the pleading be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D).

III. **ARGUMENT**

Classes that include individuals who are unable to assert or demonstrate their right to assert claims are not properly ascertainable and may not be certified as a matter of law. *Sanders*, 2009 WL 150950, at *10 (citing *Denny v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)); *Bishop v. Saab Auto. A.B.*, 1996 WL 33150020, at *5 (C.D. Cal. Feb. 16, 1996).[2]

Any plaintiff bringing a claim under Section 11, including all putative class members, must show that all stock for which damages are claimed was issued pursuant to the challenged registration statement. *See, e.g.*, 15 U.S.C. § 77k(a); *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080 (9th Cir. 1999). Where -- as in this case -- the issuer has made more than one offering, a plaintiff thus cannot establish standing unless it can "trace their purchase of [purportedly] tainted securities to the faulty registration statement." *In re Fleetboston Financial Corp. Sec. Litig.*, 253 F.R.D. 315, 348 (D.N.J. 2008) (citing *Krim v. PCOrder.com*, 402 F. 3d 489, 492 n. 8 (5th Cir. 2005). *See also Hertzberg*, 191 F. 3d at 1079-82 (9th Cir. 1999) (noting that "if there is a mixture of pre-registration stocks and stock sold under the misleading registration statement," the

---

[2] *See also Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999) ("The definition of a class should not be so broad so as to include individuals who are without standing to maintain the action on their own behalf."); *Am. Suzuki Motor Corp.* v. *Super. Ct.,* 37 Cal. App. 4th 1291, 1294-95 (1995) ("For a class to be considered ascertainable, its members must have a plausible cause of action against the defendant. If multiple plaintiffs fail to meet this elementary standard, no ascertainable class exists, and a class action may not be maintained.") (citations omitted).

plaintiff must show he purchased in the offering or can otherwise trace his later-purchased stock back to that offering).

Here, the face of the Complaint acknowledges that this was not the Company's first public offering of common stock. See (¶ 1). In fact, at the time of the Offering, there were already 584,715,364 Chesapeake shares in the market. Request for Judicial Notice in Support of Motion to Dismiss ("RJN") Ex. A at S-4. Thus, to obtain standing to sue, plaintiffs must be able to "trace their purchase of tainted securities" to the July 2008 Offering. But for those who did not purchase in the Offering -- i.e., those included in the Class definition set forth in paragraph 51 -- such a task is simply impossible. As noted above, in sharp contrast to purchases made on the open market after an initial public offering, there is no possible way in which anyone who purchased outside the July 9, 2008 Offering could possible "trace" the purchase of any shares to that Offering or that registration statement. Indeed, the vast majority of shares trading after July 9, 2008 were issued in numerous other offerings pursuant to a series of other registration statements filed during the fifteen years following Chesapeake's IPO. There is no basis upon which anyone who purchased outside the Offering could segregate the mass of common stock by offering.

Moreover, shares in the open market, including those purchased by broker-dealers at the time of an offering, are held in so-called "street name," the modern system of stock ownership by which individual shares exist anonymously and are transferred electronically without ever being in the physical possession of the shareholder. *See, e.g., In re Fleetboston*, 253 F.R.D. at 344-346; *Silber v. Mabon*, 957 F. 2d 697, 700 (9th Cir. 1992) (same). As a result of this system, "beneficial owners" are of shares issued pursuant multiple offerings are "unable to satisfy the tracing requirement of Section 77k " because every share is "identically denominated and, thus, wholly fungible" with the rest. *In re Fleetboston*, 253 at 345 (citing *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 117-18 (S.D.N.Y. 2004). *See also Barnes v. Osofsky*, 373 F. 2d 269, 271-272 (2d Cir.

1967).

## IV.    CONCLUSION

Accordingly, the Court should strike the allegations contained in paragraphs 1 and 68, and limit the alleged class to only those included in the Class definition set forth in paragraph 51: "persons who purchased Chesapeake common stock in the Offering."

Date:   November 16, 2009

ROBERT P. VARIAN
M. TODD SCOTT
E. JOSEPH GIOMETTI
Orrick, Herrington & Sutcliffe LLP

_____/s/ M. Todd Scott_____
M. Todd Scott,
Admitted *Pro Hac Vice,*
California Bar #226885
Attorneys for Defendants Chesapeake Energy Corporation, Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breen M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, and Frederick B. Whittemore

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415)773-5700
Facsimile: (415)773-5759

Email: tscott@orrick.com