UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>CHESAPEAKE ENERGY CORPORATION, et al.,<br><br>      Defendants. | No. 5:09-cv-01114-D<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT |

480418_1

## I. INTRODUCTION

Chesapeake Energy Corporation ("Chesapeake") and the Individual Defendants (collectively, "defendants") filed a motion seeking to strike ¶¶1 and 68 of plaintiff's Amended Complaint for Violation of the Federal Securities Laws (the "Complaint"), arguing that these paragraphs conflict with ¶56 and improperly expand the class definition to include purchasers who cannot demonstrate standing.[1]  Chesapeake Energy and Individual Defendants' Memo of Points and Authorities in Support of Motion to Strike Amended Complaint ("Mot. to Strike") at 1.  Defendants, however, have misread the allegations set forth in ¶¶1 and 68, and in doing so, make much ado about nothing.

## II. ARGUMENT

The paragraphs that defendants assert are improper make two allegations.  First, that the claims in the Complaint are asserted on behalf of all purchasers who bought common stock issued "pursuant to" the registration statement and prospectus (collectively, the "Registration Statement").  ¶1.[2]  Second, that plaintiff acquired shares of common stock "pursuant and/or traceable to" the Registration Statement.  ¶68.  Defendants ignore the plain language of these allegations and mistakenly argue that the Complaint alleges that the class includes Chesapeake shareholders that *cannot* trace their shares to the Registration Statement.  Mot. to Strike at 4.  This is simply not the case.

---

[1]    Defendants mistakenly cite to ¶51 for the definition of the alleged class.  Mot. to Strike at 1.  Paragraph 56 is the actual paragraph setting forth the definition of the alleged class.

[2]    Paragraph references ("¶__" or "¶¶__") are to the Complaint.

It is well settled in the Tenth Circuit that direct and aftermarket purchasers have standing so long as they can prove the securities they bought were those sold in an offering covered by the false registration statement. *Joseph v. Wiles*, 223 F.3d 1155, 1159 (10th Cir. 2000). In order to allege standing, a plaintiff must allege that he or she purchased shares pursuant and/or traceable to the registration statement alleged to be false or misleading. *W. Palm Beach Firefighters' Pension Fund v. Startek, Inc.*, No. 05-cv-01265-WDM-MEH, 2008 WL 879023, at *7 (D. Colo. Mar. 28, 2008); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 396 F. Supp. 2d 1178, 1202 (D. Colo. 2004). At the pleading stage, courts must "accept as true plaintiffs' allegations that they made their stock purchases in or traceable to the . . . public offerings." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n.7 (3d Cir. 2006); *Qwest*, 396 F. Supp. 2d at 1202 (accepting plaintiffs' allegations that they purchased pursuant to certain registration statements to be true). A complaint need not allege ***how*** these shares are traceable to an offering. *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 208 (S.D.N.Y. 2003) ("[T]he pleading requirement is not elaborate. Plaintiffs have not been required to explain how their shares can be traced; general allegations that plaintiff purchased 'pursuant to' or traceable to false registration statement have been held sufficient to state a claim.") (citation omitted).[3] The Complaint properly alleges (as it must) that

---

[3]   *In re Fleetboston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315 (D.N.J. 2008), which defendants rely upon, states "'whether the plaintiff is able to trace its stock is not a question that can be resolved on this motion [to dismiss].'" *Id.* at 349 (quoting *In re SeeBeyond Techs. Corp. Sec. Litig.*, 266 F. Supp. 2d 1150, 1171 (C.D. Cal. 2003)).

plaintiff and the rest of the putative class purchased Chesapeake stock pursuant and/or traceable to the Registration Statement.

Defendants' entire premise is that the words "pursuant" and "traceable" somehow inappropriately expand the class to shareholders who did not purchase in the Offering. Mot. to Strike at 1-2. Defendants confuse the meanings of "pursuant" and "traceable." Paragraphs 1 and 68 simply state that plaintiff and the class are able to trace to the Offering. This is consistent with ¶56, which states that the class consists of "all persons who purchased Chesapeake common stock in the Offering." Paragraphs 1 and 68 do not expand this class. In fact, the paragraphs allege that plaintiff and the class can trace directly to the Offering because they purchased Chesapeake stock in the Offering.[4]  As defendants acknowledge, this class is appropriate.[5]  Mot. to Strike at 1. The Complaint alleges nothing more.

---

[4] Tracing shares to the offering in which they were purchased can be accomplished by ***direct tracing***. *Kirkwood v. Taylor*, 590 F. Supp. 1375, 1378 (D. Minn. 1984). This method of tracing may be established by

> an indication of interest by the broker on behalf of the customer, the customer's receipt of a preliminary prospectus with a legend in red ink (called a "red herring"), a notation on the purchase order ticket showing purchase in the offering, purchase at the offering price, lack of commission, language regarding the prospectus on the customer's confirmation slip, and special coding of the transaction by the brokerage firm.

*Id*.

[5] Defendants cite a number of cases to support that a motion to strike is an appropriate method of testing the viability of a class. Mot. to Strike at 2-3. Aside from the fact that none of these cases consider the issue of class members' ability to trace shares to an offering, these cases are inapplicable here. There is no disagreement between plaintiff and defendants that the class is limited to all persons who purchased Chesapeake stock in the Offering, so there is no dispute as to the viability of the class.

Defendants somehow interpret the allegations to mean that the class will include shareholders that cannot trace to the Offering, *i.e.*, open market purchasers without any indication of purchasing in the Offering.  In the paragraphs challenged by defendants, however, there is no mention of open market purchasers or any other indication that purchasers who cannot trace their shares to the Offering would be included in the class.  Defendants' assertion that these allegations seek to include investors who bought stock in the open market pursuant to other offerings is misplaced and unwarranted.

### III. CONCLUSION

For the reasons stated above, defendants' Motion to Strike should be denied.

DATED:  February 4, 2010                                        Respectfully submitted,

                                         COUGHLIN STOIA GELLER
                                           RUDMAN & ROBBINS LLP
                                         JAMES I. JACONETTE
                                         FRANCIS A. DiGIACCO

                                                 s/ JAMES I. JACONETTE
                                                  JAMES I. JACONETTE

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
RANDI D. BANDMAN
52 Duane Street, 7th Floor
New York, NY  10007
Telephone:  212/693-1058
212/693-7423 (fax)

LYTLE, SOULÉ & CURLEE, P.C.
MICHAEL C. FELTY
MICHAEL A. BETTS
119 North Robinson, Suite 1200
Oklahoma City, OK  73102
Telephone:  405/235-7471
405/232-3852 (fax)

Lead Counsel for Plaintiffs

SCHWARZWALD McNAIR & FUSCO LLP
EBEN O. McNAIR IV
616 Penton Media Building
1300 East Ninth Street
Cleveland, OH  44114-1503
Telephone:  216/566-1600
216/566-1814 (fax)

Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 4, 2010.

      s/ JAMES I. JACONETTE
      JAMES I. JACONETTE

      COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
      655 West Broadway, Suite 1900
      San Diego, CA  92101-3301
      Telephone:  619/231-1058
      619/231-7423 (fax)
      E-mail:      jamesj@csgrr.com

480418_1

# Mailing Information for a Case 5:09-cv-01114-D

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Hissan Ahsan Bajwa**
  hissanbajwa@paulhastings.com

- **Lily I Becker**
  lbecker@orrick.com,rrivera@orrick.com,gjohnson@orrick.com

- **Michael A Betts**
  betts@lytlesoule.com,mjones@lytlesoule.com

- **Francis A DiGiacco**
  fdigiacco@csgrr.com

- **Michael C Felty**
  felty@lytlesoule.com,weis@lytlesoule.com

- **E Joseph Giometti**
  jgiometti@orrick.com

- **Daniel Bruce Goldman**
  dangoldman@paulhastings.com

- **James I Jaconette**
  jamesj@csgrr.com,karenc@csgrr.com,e_file_sd@csgrr.com

- **David S Keenan**
  dkeenan@orrick.com

- **Drew Neville , Jr**
  dneville@hartzoglaw.com,gbrown@hartzoglaw.com

- **Reagan Therese Roth**
  reaganroth@paulhastings.com

- **M Todd Scott**
  tscott@orrick.com,elee@orrick.com

- **Robert P Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **James R Webb**
  jim.webb@mcafeetaft.com,karen.hill@mcafeetaft.com

- **Ryan S Wilson**
  RWilson@hartzoglaw.com,swatts@hartzoglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Randi Dawn Bandman
,

Mary Katherine Blasy
,

Jack Gerald Fruchter
,

Christopher J Keller
,

Mark Peter Kindall
,

David Avi Rosenfeld
,

Samuel Howard Rudman
,

Barry G Sher
,
```