UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CHESAPEAKE ENERGY CORPORATION, et al.,<br><br>　　　　　　　Defendants. | No. 5:09-cv-01114-D<br><br>CLASS ACTION<br><br>PLAINTIFF'S OPPOSITION TO UNDERWRITER DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |

480419_1

In addition to Chesapeake Energy Corporation ("Chesapeake") and the Individual Defendants' Motion to Dismiss, the Underwriter Defendants filed their own Motion With Brief in Support to Dismiss Amended Complaint ("Underwriter Defs.' Mot.") asserting that plaintiff has failed to allege that the Underwriter Defendants were "sellers" under §12(a)(2) of the Securities Act of 1933. Underwriter Defendants' Underwriter Defs. Mot. at 2. This argument ignores the properly plead allegations of the Amended Complaint for Violation of the Federal Securities Laws ("Complaint") and the Underwriter Defendants' Motion to Dismiss should be denied.

As the Underwriter Defendants concede, the Supreme Court in *Pinter v. Dahl*, 486 U.S. 622 (1988), expands the definition of "seller" under §12(a)(2) to include a "person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Id.* at 647. Solicitation includes preparation and circulation of the prospectus as well as participation in roadshows to promote the offering. *Capri v. Murphy*, 856 F.2d 473, 478 (2d Cir. 1988) (finding that participation in preparation and circulation of prospectus sufficiently established seller status); *In re Am. Bank Note Holographics Sec Litig.*, 93 F. Supp. 2d 424, 439 (S.D.N.Y. 2000) (finding that participation in preparation of registration statement and prospectus and in roadshows sufficient to show solicitation); *In re OPUS360 Corp. Sec. Litig.*, No. 01Civ.2938(JGK)(JCF), 2002 WL 31190157, at *10 (S.D.N.Y. Oct. 2, 2002) (same).

The Underwriter Defendants were sellers under §12(a)(2) because they solicited purchases in the Offering. As alleged in the Complaint, the Underwriter Defendants merchandised Chesapeake stock by arranging multi-city roadshows in which they (along

- 1 -

- 2 -

with certain of the Individual Defendants) met with potential investors and presented highly favorable information about Chesapeake. ¶22.[1] Additionally, the Underwriter Defendants assisted in the planning of the Offering and engaged in "drafting sessions" in which they determined: (i) the strategy to best accomplish the Offering; (ii) the terms of the Offering, including the price at which Chesapeake stock would be sold; (iii) the language to be used in the Registration Statement (including the financial statements incorporated therein by reference); and (v) what responses would be made to the Securities and Exchange Commission in connection with its review of the Registration Statement. ¶¶23, 24. The Underwriter Defendants also drafted and disseminated the Offering documents and received fees of more than $51 million collectively. ¶¶22, 25. These allegations are more than sufficient to allege seller status under §12(a)(2).[2]

The Underwriter Defendants rely on two cases that are inapplicable here. Underwriter Defs.' Mem. at 2-3. In *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334 (D. Md. 2004), the court based its decision that the plaintiffs' allegations were insufficient on their failure to provide factual support rather than conclusory statements. *Id.* at 406. As demonstrated above, this is not the case here as plaintiff has provided a number of factual

---

[1]   Paragraph references ("¶_" or "¶¶__") are to the Complaint.

[2]   Whether a particular defendant engaged in sufficient solicitation to render itself liable under §12(a)(2) is ultimately a question of fact, and plaintiff need not plead solicitation with particularity as Fed. R. Civ. P. 9(b)'s specificity requirements do not apply. *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2006 WL 2385250, at *4 (N.D. Cal. Aug. 17, 2006); *Degulis v. LXR Biotechnology*, No. 95 Civ. 4204 (RWS), 1997 U.S. Dist. LEXIS 381, at *17 (S.D.N.Y. Jan. 21, 1997).

allegations to support the Underwriter Defendants' solicitation in the Offering.  Also, in *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008), there was no discussion regarding solicitation by the underwriters, as is alleged in this case.  *Id.* at 1183.  Moreover, courts have held that plaintiffs need not identify from which defendant they purchased shares in order to give underwriter defendants fair notice of the basis for the claims under Fed. R. Civ. P. 8.  *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 423 (S.D.N.Y. 2003).  The Complaint properly alleges that the Underwriter Defendants were "sellers" under §12(a)(2).

Accordingly, the Underwriter Defendants' Motion to Dismiss should be denied.

DATED:  February 4, 2010                    Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JAMES I. JACONETTE
FRANCIS A. DiGIACCO


            s/ JAMES I. JACONETTE
              JAMES I. JACONETTE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

- 4 -

       COUGHLIN STOIA GELLER
         RUDMAN & ROBBINS LLP
       RANDI D. BANDMAN
       52 Duane Street, 7th Floor
       New York, NY  10007
       Telephone:  212/693-1058
       212/693-7423 (fax)

       LYTLE, SOULÉ & CURLEE, P.C.
       MICHAEL C. FELTY
       MICHAEL A. BETTS
       119 North Robinson, Suite 1200
       Oklahoma City, OK  73102
       Telephone:  405/235-7471
       405/232-3852 (fax)

       Lead Counsel for Plaintiffs

       SCHWARZWALD McNAIR & FUSCO LLP
       EBEN O. McNAIR IV
       616 Penton Media Building
       1300 East Ninth Street
       Cleveland, OH  44114-1503
       Telephone:  216/566-1600
       216/566-1814 (fax)

       Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 4, 2010.

s/ JAMES I. JACONETTE
JAMES I. JACONETTE

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail:  jamesj@csgrr.com

480419_1

# Mailing Information for a Case 5:09-cv-01114-D

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Hissan Ahsan Bajwa**
  hissanbajwa@paulhastings.com

- **Lily I Becker**
  lbecker@orrick.com,rrivera@orrick.com,gjohnson@orrick.com

- **Michael A Betts**
  betts@lytlesoule.com,mjones@lytlesoule.com

- **Francis A DiGiacco**
  fdigiacco@csgrr.com

- **Michael C Felty**
  felty@lytlesoule.com,weis@lytlesoule.com

- **E Joseph Giometti**
  jgiometti@orrick.com

- **Daniel Bruce Goldman**
  dangoldman@paulhastings.com

- **James I Jaconette**
  jamesj@csgrr.com,karenc@csgrr.com,e_file_sd@csgrr.com

- **David S Keenan**
  dkeenan@orrick.com

- **Drew Neville , Jr**
  dneville@hartzoglaw.com,gbrown@hartzoglaw.com

- **Reagan Therese Roth**
  reaganroth@paulhastings.com

- **M Todd Scott**
  tscott@orrick.com,elee@orrick.com

- **Robert P Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **James R Webb**
  jim.webb@mcafeetaft.com,karen.hill@mcafeetaft.com

- **Ryan S Wilson**
  RWilson@hartzoglaw.com,swatts@hartzoglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Randi Dawn Bandman
,

Mary Katherine Blasy
,

Jack Gerald Fruchter
,

Christopher J Keller
,

Mark Peter Kindall
,

David Avi Rosenfeld
,

Samuel Howard Rudman
,

Barry G Sher
,
```