UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, et al., individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>         v.<br><br>CHESAPEAKE ENERGY CORPORATION, AUBREY K. MCCLENDON, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, RICHARD K. DAVIDSON, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, MERRILL A. MILLER JR., DONALD L. NICKLES, FREDERICK B. WHITTEMORE, UBS INVESTMENT BANK, ABN AMRO, BANC OF AMERICA SECURITIES LLC and WELLS FARGO SECURITIES,<br><br>                  Defendants. | CASE NO: 5:09-cv-01114-D<br><br>CLASS ACTION |

**UNDERWRITER DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

For the reasons stated in the Motion to Dismiss, Motion to Strike and the Memoranda of Law in Support of the Motions submitted by Chesapeake Energy and the Individual Defendants, in their Reply Memoranda, and for the reasons stated herein, Plaintiff's claims should be dismissed as to the Underwriter Defendants.

Plaintiff's Opposition to the Underwriter Defendants' Motion to Dismiss completely misconstrues the Underwriter Defendants' Motion to Dismiss. Plaintiff disregards that "[i]n order to state a claim under §12(a)(2), the complaint must allege by whom the plaintiffs were solicited and from whom they purchased shares; these

assertions must be supported by specific factual allegations demonstrating a direct relationship between the defendant and the plaintiff-purchaser." *In re Royal Ahold N.V. Sec. & ERISA Litig.* (*Royal Ahold I*), 351 F.Supp.2d 334, 406 (D. Md. 2004) (citing *Pinter v. Dahl*, 486 U.S. 622, 651 (1988)).  Here, Plaintiff fails to allege in the Amended Complaint that Plaintiff purchased the securities at issue from or was solicited by any of the Underwriter Defendants or the Underwriter Defendants generally.  *See Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1307 (10th Cir. 1998); *see also In re Royal Ahold N.V. Sec. & ERISA Litig.* (*Royal Ahold II*), 384 F.Supp.2d 838, 841 (D. Md. 2005) (noting that "[t]he principal defect in the consolidated amended complaint was its failure to allege specifically from what entity Lead Plaintiff . . . purchased shares of Royal Ahold stock and by whom it was solicited").

 Similar to the circumstances in *Royal Ahold I*, the Amended Complaint sets out only broad allegations regarding the Underwriter Defendants' roles in the offering  but does not make any allegation as to whether Plaintiffs purchased the Chesapeake securities from any of the Underwriter Defendants or whether Plaintiffs were solicited to purchase securities from the Underwriter Defendants.  Although Plaintiff cites to ¶22 of the Amended Complaint in support of the assertion that the Underwriter Defendants were sellers under Section 12(a)(2), *see* Plaintiff's Opposition to Underwriter Defendants' Motion to Dismiss Amended Complaint at 1-2, that paragraph provides no allegation as to whether Plaintiff was solicited by means of those roadshows or whether any the solicitations were successful.  *See* Amended Complaint ¶22.  Without an allegation connecting the Underwriter Defendants to the Plaintiff-purchasers the Section 12(a)(2) is

insufficient to state a claim against the Underwriter Defendants. *See Royal Ahold II*, 384 F.Supp.2d at 844.

Further, Plaintiff's reliance on *In re Worldcom, Inc. Sec. Litig.*, 294 F.Supp.2d 392 (S.D.N.Y 2003), is misplaced. Although a plaintiff need not specify at the pleading stage from which specific underwriter the plaintiff purchased the securities at issue, the plaintiff must, at a minimum, allege that the securities were purchased from the underwriters or that the underwriters solicited the sale of the securities to the plaintiff. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 718 (3d Cir. 1996) ("Absent a particularity requirement, plaintiffs must provide a short and plain statement showing that the underwriter defendants are statutory sellers and that plaintiffs purchased securities from them."). Here, not only does Plaintiff fail to allege which underwriter specifically sold to or solicited the sale of the securities to Plaintiff, but the Amended Complaint fails to even set forth such an allegation against the Underwriter Defendants generally so as to put the Underwriter Defendants on notice of the claims against them.

For the reasons stated in the Underwriter Defendants' Motion to Dismiss and for the reasons stated herein, Plaintiff's Section 12(a)(2) claim is deficient and it must be dismissed as to the Underwriter Defendants.

<div style="margin-left:50%">

<u>s/ Dan Goldman</u>
Barry Sher (*Pro Hac Vice*)
Daniel Goldman (*Pro Hac Vice*)
Hissan Bajwa (*Pro Hac Vice*)
Reagan Roth (*Pro Hac Vice*)
Paul, Hastings, Janofsky & Walker, LLP
75 East 55th Street
New York, New York 10022
Tel: (212) 318-6000

-and-

Ryan S. Wilson, OBA #14340
Hartzog, Conger, Cason & Neville
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, OK 73102
Tel: (405) 235-7000
Fax: (405) 996-3403

*Attorneys for Defendants UBS Securities LLC, ABN AMRO Incorporated, Banc of America Securities LLC and Wells Fargo Securities LLC*

</div>

# CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of March, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the ECF registrants, any party who did not receive a copy by ECF was served by mail:

Michael A. Betts
Michael C. Felty
Lytle Soule & Curlee P.C.
119 N. Robinson Ave
Suite 1200
Oklahoma City, OK 73102

-and-

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Servicer Road, Suite 200
Melville, NY 11747

-and-

James I Jaconette
Francis A. DiGiacco
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

-and-

Randi D. Bandman
Coughlin Stoia Geller Rudman & Robbins LLP
52 Duane Street, 7th Floor
New York, NY 10007
*Attorneys for Plaintiff*

James R. Webb
McAfee & Taft
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102

-and-

Robert P. Varian
M. Todd Scott
E. Joseph Giometti
Lily I. Becker
Orrick, Herrington & Sutcliffe LLP
The Orrick Building, 405 Howard St.
San Francisco, CA 94105-2669

-and-

David Shane Keenan
Orrick, Herrington & Sutcliffe
701 Fifth Avenue Suite 5700
Seattle, WA 98104

*Attorneys for Defendants,
Chesapeake Energy Corp., Aubrey K McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, Frederick B. Whittemore*

    /s/  Dan Goldman