**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL <br> WORKERS UNION, et al., <br><br> Plaintiff, <br><br> vs. <br><br> CHESAPEAKE ENERGY CORPORATION, <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV-09-1114-D <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is the Motion to Strike [Doc. No. 32] filed jointly by Chesapeake Energy Corporation ("Chesapeake"), Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davison, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, and Frederick B. Whittemore ( the "Individual Defendants"). Defendants UBS Investment Bank, ABN Amro, Banc of America Securities LLC, and Wells Fargo Securities (the "Underwriter Defendants") joined in the motion. Plaintiff timely responded, and the movants (collectively, the "Defendants") replied; Court-authorized supplemental briefs were also filed.[1]

Plaintiff United Food and Commercial Workers Union is the designated lead Plaintiff in this putative class action suit alleging that Defendants violated the Securities Act of 1933 in connection with a July 9, 2008 secondary public offering of Chesapeake common stock.[2] Specifically, Plaintiff

---

[1] All defendants have also filed motions to dismiss the Amended Complaint [Doc. Nos. 27 and 30]. Those motions are addressed in a separate order. In addition, Chesapeake and the Individual Defendants requested oral argument on the motions to dismiss and to strike. However, the Court has determined that oral argument is not necessary.

[2] This action was originally filed in the United States District Court for the Southern District of New York; upon Defendants' motion, the case was transferred here. Prior to the transfer, United Food and Commercial Workers Union was appointed lead counsel.

alleges Defendants violated §§11 and 12(a)(2) of the Securities Act,15 U. S. C. §§77k(a) and 77*l*(a)(2), by misstating and omitting material facts in connection with the registration statement and prospectus, thereby rendering the statement misleading to potential investors. Plaintiff also asserts a § 15 claim against the Individual Defendants.

The Amended Complaint includes allegations designed to support the request to certify this action as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b)(3). According to Plaintiff, it brings this action "on behalf of itself and all other purchasers of Chesapeake stock issued pursuant to the registration statement and prospectus (collectively, the 'Registration Statement') filed with the SEC and issued by Chesapeake in connection with Chesapeake's July 2008 secondary public stock offering (the 'Secondary Offering' or the 'Offering')." Amended Complaint, ¶1. In the "class action allegations" section of the Amended Complaint, Plaintiff describes the class as "consisting of all persons who purchased Chesapeake common stock in the Offering (the 'Class')." *Id.* at ¶ 56. The allegations expressly exclude Defendants, their family members, officers and directors from the proposed class. *Id.* In paragraph 68 of the Amended Complaint, Plaintiff alleges that it "acquired Chesapeake shares of common stock pursuant and/or traceable to the Registration Statement for the Offering."

In their motion, Defendants argue paragraphs 1 and 68 of the Amended Complaint should be stricken, contending these paragraphs conflict with paragraph 56 and improperly expand the class definition to include purchasers who lack standing to pursue claims under § § 11 and 12(a)(2) of the Securities Act of 1933, the statutory bases for the claims asserted in this case. Defendants do not dispute that members of an appropriate class may include persons who purchased Chesapeake

2

common stock in the offering, as alleged in paragraph 56 of the Amended Complaint.[3] Defendants argue, however, that the allegations in paragraphs 1 and 68 "appear to attempt to expand the class alleged" to "include investors who bought stock <u>after</u> the Offering – on the open market in which hundred of millions of shares of common stock issued in prior offerings pursuant to other registration statements trade continuously." Defendants' brief, p. 1 (emphasis in the original). As Defendants correctly argue, a plaintiff bringing a § 11 claim must show that all stock for which damages are sought was issued pursuant to the challenged registration statement; where the issuer has made more than one offering, a plaintiff's standing to sue requires it to trace its purchase of allegedly tainted securities to the registration statement at issue. *In re Fleetboston Financial Corp. Securities Litigation,* 253 F.R. D. 315, 348 ( D. N. J. 2008); *Hertzberg v. Dignity Partners, Inc.*, 191 F. 3d 1076, 1080 (9th Cir. 1999). As Defendants suggest, the class members in this case must be able to trace their purchases to the securities issued pursuant to the July 9, 2008 Chesapeake offering.

In its response, Plaintiff does not disagree with Defendants' statement regarding the purchasers who may properly be included in the prospective class. Plaintiff cites the class definition in paragraph 56 of the Amended Complaint as evidencing the fact that it has properly limited the prospective class members to those who purchased Chesapeake stock in the July 9, 2008 offering or those whose purchases can be traced to that offering. Plaintiff expressly states that it does not, as Defendants contend, seek to include in the prospective class individuals who purchased Chesapeake stock which was not issued pursuant to the July 9, 2008 offering. Response brief, p. 1. As Plaintiff argues, the Tenth Circuit holds that direct and aftermarket purchasers have standing

---

[3]Defendants cite to paragraph 51 of the Amended Complaint as containing the allegations defining the class; however, paragraph 51 does not contain those allegations, and the Court concludes that Defendants intended to refer to paragraph 56.

if they can prove the securities they purchased were sold in the offering covered by the challenged registration statement. *Joseph v. Wiles,* 233 F. 3d 1155, 1159 (10th Cir. 2000). Plaintiff agrees with Defendants that, to have standing in this case, a purchaser must show that he purchased shares pursuant to, or traceable to, the registration statement at issue. Response brief, p. 2.

Having reviewed the parties' briefs and arguments, the Court concludes that Defendants' arguments are based on the concern that the interpretation of paragraphs 1 and 68 of the Amended Complaint could, if not clarified, expand the potential class beyond that which is permitted under applicable law. That concern is based on the manner in which the Amended Complaint is phrased, as they believe the words "pursuant to" and "traceable" could be construed as including in the class investors who purchased stock which did not originate in the July 2008 offering. Plaintiff expressly agrees that class members may not include such purchasers, and agrees the class must be limited to those who purchased Chesapeake stock in the July 2008 offering or whose purchases can be traced to that offering.

The Court concludes that Defendants' argument does not warrant striking the allegations at issue. By asserting their arguments, Defendants have pointed out a concern that may impact the determination of the members of a prospective class, and they have submitted legal authority which is pertinent to defining the members of a class that could be certified. Plaintiff does not disagree with that authority or with the standards governing the inclusion of purchasers in a prospective class and the exclusion of those who lack standing. The Court anticipates that these issues will be addressed by the parties, if necessary, in connection with a proposed class certification. However, Defendants' concerns regarding the possible misinterpretation of the phrases included in the Amended Complaint do not warrant striking the paragraphs in which they are contained. The Motion

to Strike [Doc. No. 32] is DENIED.

    IT IS SO ORDERED this 2nd day of September, 2010.

                                          TIMOTHY D. DeGIUSTI
                                          UNITED STATES DISTRICT JUDGE