UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

UNITED FOOD AND COMMERCIAL WORKERS UNION, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CHESAPEAKE ENERGY CORPORATION, AUBREY K. MCCLENDON, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, RICHARD K. DAVIDSON, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, MERRILL A. MILLER, JR., DONALD L. NICKLES, FREDERICK B. WHITTEMORE, UBS INVESTMENT BANK, ABN AMRO, BANC OF AMERICA SECURITIES LLC and WELLS FARGO SECURITIES,

Defendants.

**NO. 09-CIV-1114-D**

**CLASS ACTION**

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Chesapeake Energy Corporation ("Chesapeake"), Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, and Frederick B. Whittemore (collectively the "Chesapeake Defendants" or "Defendants") by and through their attorneys, Orrick, Herrington & Sutcliffe, LLP and McAfee & Taft, answer the Amended Complaint filed by United Food and Commercial Workers Union Local 880 ("Plaintiff") as follows:

## NATURE OF THIS ACTION

1. The Chesapeake Defendants admit that Paragraph 1 describes the proposed action Plaintiff seeks to pursue. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 1.

## JURISDICTION AND VENUE

2. The Chesapeake Defendants admit that Plaintiff seeks to pursue claims under the statutes described in Paragraph 2. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 2.

3. The Chesapeake Defendants admit that Plaintiff premises subject matter jurisdiction on the statutes identified in Paragraph 3. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 3.

4. The Chesapeake Defendants admit that venue is proper in this District, that Chesapeake maintains its principal place of business in this District, and that the July 2008 secondary stock offering (the "Offering") was effectuated through instrumentalities of interstate commerce. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 4.

## PARTIES

5. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and deny such allegations on that basis.

6. The Chesapeake Defendants admit that the allegations set forth in Paragraph 6 describe the Company at the time of the Offering and that it is headquartered at 6100 North Western Avenue, Oklahoma City, Oklahoma.

7. The Chesapeake Defendants admit the allegations set forth in Paragraph 7.

8. The Chesapeake Defendants admit the allegations set forth in Paragraph 8.

9. The Chesapeake Defendants admit the allegations set forth in Paragraph 9.

10. The Chesapeake Defendants admit the allegations set forth in Paragraph 10.

11. The Chesapeake Defendants admit the allegations set forth in Paragraph 11.

12. The Chesapeake Defendants admit that Breene M. Kerr was a member of Chesapeake's Board of Directors at the time of the Offering, that Mr. Kerr had been a director of Chesapeake since 1993, and that he signed the Registration Statement. Defendants deny that Mr. Kerr is currently a member of Chesapeake's Board of Directors.

13. The Chesapeake Defendants admit the allegations set forth in Paragraph 13.

14. The Chesapeake Defendants admit the allegations set forth in Paragraph 14.

15. The Chesapeake Defendants admit the allegations set forth in Paragraph 15.

16. The Chesapeake Defendants admit the allegations set forth in Paragraph 16.

17. Paragraph 17 consists of a characterization of the Complaint as to which no response is required in this answer.

18. The Chesapeake Defendants admit that Banc of America Securities LLC acted as an underwriter for the Offering and served as joint book-running manager. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and deny such allegations on that basis.

19. The Chesapeake Defendants admit that UBS Investment Bank acted as an underwriter for the Offering and served as joint book-running manager. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19, and deny such allegations on that basis.

20. The Chesapeake Defendants admit that ABN AMRO acted as an underwriter for the Offering and served as joint book-running manager. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20, and deny such allegations on that basis.

21. The Chesapeake Defendants admit that Wells Fargo Securities acted as an underwriter for the Offering and served as joint book-running manager. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21, and deny such allegations on that basis.

22. The Chesapeake Defendants admit that the underwriters collectively received fees of approximately $51 million for their services in the Offering. Defendants deny that any roadshows were conducted, or that any Defendant or other agent or representative of Chesapeake participated in any roadshow. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22, and deny such allegations on that basis.

23. The Chesapeake Defendants admit that the underwriters performed the usual and customary services in connection with the Offering, including due diligence, and were allowed full access to Chesapeake's corporate records. Defendants further admit that Chesapeake conducted certain business with Lehman Brothers and UBS independent of the Offering, and that Lehman Brothers is now bankrupt. Defendants deny that Lehman Brothers was a "co-venturer" with Chesapeake. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23, and deny such allegations on that basis. Except as so expressly admitted and denied, Defendants deny the allegations set forth in Paragraph 23.

24. The Chesapeake Defendants admit that the underwriters had full access to Chesapeake's corporate documents, and that officers, employees and representatives of Chesapeake communicated with the underwriters regarding a broad range of issues pertaining to the Offering, including pricing and language to be used in the Registration Statement. Defendants deny that any undisclosed

material "problems" existed at the time of the Offering. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24, and deny such allegations on that basis. Except as expressly so admitted and denied, Defendants deny the allegations set forth in Paragraph 24.

25. The Chesapeake Defendants admit that the underwriters played the usual and customary role in connection with the Offering, that the Registration Statement was filed with the SEC and was declared effective, that sales occurred pursuant to the Registration Statement, and that the underwriters were paid fees in connection with the Offering. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 25.

26. The Chesapeake Defendants admit the allegations set forth in Paragraph 26 describe the Company at the time of the Offering.

27. The Chesapeake Defendants admit that Chesapeake filed a Form S-3ASR with the SEC on or about May 19, 2008. Defendants further admit that the Offering was made using a "shelf" registration and continuous offering process. Defendants deny that either of the Forms S-3ASR filed on or about May 19, 2008 was part of or related to the Offering.

28. The Chesapeake Defendants admit that the quoted language set forth in Paragraph 28 is present in the Form S-3ASR.

29. The Chesapeake Defendants admit that the quoted language set forth in Paragraph 29 is present in the Form S-3ASR.

30. The Chesapeake Defendants admit the allegations set forth in Paragraph 30.

31. The Chesapeake Defendants admit the allegations set forth in Paragraph 31.

32. The Chesapeake Defendants admit the allegations set forth in Paragraph 32.

33. The Chesapeake Defendants deny the allegations set forth in Paragraph 33.

34. The Chesapeake Defendants admit that the amount of Mr. McClendon's Chesapeake stock held in margin accounts was accurately disclosed in a Form 14A, and that the 14A filing was incorporated by reference into the Registration Statement, which is a public document and speaks for itself. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 34.

35. The Chesapeake Defendants admit that the fact that Mr. McClendon had margined his stock, and that the stock was subject to seizure under certain conditions, was disclosed in the Registration Statement. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 35.

36. The Chesapeake Defendants admit that Chesapeake's share price declined from an opening price of $30.55 on October 3, 2008 to a closing price of $17.71 on October 9, 2008, and that the trading volume on those days was substantially above average daily volume for comparable periods. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 36.

37. The Chesapeake Defendants admit the allegations set forth in Paragraph 37.

38. The Chesapeake Defendants admit that the Registration Statement did not disclose the names of the 19 counterparties to hedging contracts related to oil and natural gas production, and that Lehman Brothers was one of the 19 counterparties. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 38.

39. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and deny such allegations on that basis.

40. The Chesapeake Defendants admit that Lehman Brothers issued public announcements on or about June 6, 2008 and June 13, 2008. The contents of the announcements are a matter of public record and speak for themselves.

Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 40.

41. The Chesapeake Defendants admit that Lehman Brothers issued a public announcement on or about June 16, 2008. The announcement and its content are a matter of public record and speak for themselves. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 41.

42. The Chesapeake Defendants admit that on or about June 12, 2008 Lehman Brothers issued public announcements on the subjects identified in Paragraph 42, which are a matter of public record and speak for themselves. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 42.

43. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and deny such allegations on that basis.

44. The Chesapeake Defendant admit that Lehman Brothers' stock price had decreased significantly between the start of 2008 and July 4, 2008, and that the prices of Lehman stock over that period are a matter of public record and speak for themselves. Except as expressly so admitted, the Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and deny such allegations on that basis.

45. The Chesapeake Defendants admit that Lehman Brothers and its financial condition were the subject of broadly disseminated media coverage expressing a wide variety of views during the period surrounding July 6, 2008. Except as expressly so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45, and deny such allegations on that basis.

46. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, and deny such allegations on that basis.

47. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47, and deny such allegations on that basis.

48. The Chesapeake Defendants admit that the Associated Press published an article that related in part to the identified subjects on or about July 14, 2008. The contents of the article are a matter of public record and speak for themselves. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 48.

49. The Chesapeake Defendants admit that the Company filed the Registration Statement for the Offering on a Form S-3, which incorporated by reference Chesapeake's periodic filings, and was subject to various SEC rules, including Item 303(a) of Regulation S-K. Form S-3, Item 303 of Regulation S-K and the SEC rules related to public offerings are a matter of public record and speak for themselves. Defendants deny that the Registration Statement did not comply with Item 303(a) of Regulation S-K or any other applicable SEC guideline or rule. The remainder of Paragraph 49 contains conclusions and legal arguments as to which no response is required in this answer. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 49.

50. The Chesapeake Defendants deny the allegations set forth in Paragraph 50.

51. The Chesapeake Defendants admit that Chesapeake issued a press release on October 10, 2008, which is a matter of public record and speaks for itself. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 51.

52. The Chesapeake Defendants admit that the Registration Statement contained detailed and accurate information regarding the Company's hedging contracts, including with respect to the existence, terms and operation of "kick-out" provisions. The information included in the Registration Statement is a matter of public record and speaks for itself. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 52.

53. The Chesapeake Defendants admit that information regarding the existence of "kick-out" provisions in hedging contracts can be material under certain circumstances, and that such information was accurately disclosed in detail in the Registration Statement. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 53.

54. The Chesapeake Defendants admit that Chesapeake issued a press release on October 10, 2008, the contents of which are a matter of public record and speak for themselves. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 54.

55. The Chesapeake Defendants admit that on December 4 and 5, 2008 the price of Chesapeake stock was below $12 per share, and that the prices on those dates were approximately 80% below the Offering price. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 55.

## CLASS ACTION ALLEGATIONS

56. Paragraph 56 consists of conclusions and legal arguments as to which no response is required in this answer. To the extent any response is required, the Chesapeake Defendants deny the allegations set forth in Paragraph 56.

57. The Chesapeake Defendants admit that Plaintiff's counsel is experienced in securities litigation. The remainder of Paragraph 57 consists of conclusions and legal arguments as to which no response is required in this answer. To the

extent any response is required, the Chesapeake Defendants deny the allegations set forth in Paragraph 57.

58. Paragraph 58 consists of conclusions and legal arguments as to which no response is required in this answer. To the extent any response is required, the Chesapeake Defendants deny the allegations set forth in Paragraph 58.

59. The Chesapeake Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, and deny such allegations on that basis.

**COUNT I**

60. The Chesapeake Defendants repeat and reassert each response in the foregoing Paragraphs as if fully set forth in this Paragraph 60.

61. The Chesapeake Defendants admit that Plaintiff purports to assert claims as alleged in Paragraph 61. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 61.

62. Paragraph 62 consists of characterizations of the Complaint and Section 11 of the Securities Act of 1933 as to which no response is required in this answer. To the extent any response is required, the Chesapeake Defendants deny the allegations set forth in Paragraph 62.

63. The Chesapeake Defendants deny the allegations set forth in Paragraph 63.

64. The Chesapeake Defendants admit that Chesapeake was the registrant for the Offering. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 64.

65. The Chesapeake Defendants deny the allegations set forth in Paragraph 65.

66. The Chesapeake Defendants deny the allegations set forth in Paragraph 66.

67. The Chesapeake Defendants deny the allegations set forth in Paragraph 67.

68. The Chesapeake Defendants deny the allegations set forth in Paragraph 68.

69. The Chesapeake Defendants deny the allegations set forth in Paragraph 69.

## COUNT II

70. The Chesapeake Defendants repeat and reassert each response in the foregoing Paragraphs as if fully set forth in this Paragraph 70.

71. The Chesapeake Defendants admit that the Complaint purports to assert claims as alleged in Paragraph 71. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 71.

72. Paragraph 72 consists of characterizations of the Complaint and Section 12 of the Securities Act of 1933 as to which no response is required in this answer. To the extent any response is required, the Chesapeake Defendants deny the allegations set forth in Paragraph 72.

73. The Chesapeake Defendants deny the allegations set forth in Paragraph 73.

74. The Chesapeake Defendants deny that the Prospectus contained untruths or omissions, and admit that Plaintiff did not know, and could not have known, of any such purported untruth or omission at any time.

75. The Chesapeake Defendants deny the allegations set forth in Paragraph 75.

## COUNT III

76. The Chesapeake Defendants repeat and reassert each response in the foregoing Paragraphs as if fully set forth in this Paragraph 76.

77. The Chesapeake Defendants admit that Plaintiff purports to assert claims as alleged in Paragraph 77. Except as expressly so admitted, Defendants deny the allegations set forth in Paragraph 77.

78. The allegations set forth in Paragraph 78 consist of legal arguments and conclusions as to which no response is required in this answer. To the extent any response is required, the Chesapeake Defendants deny the allegations set forth in Paragraph 78.

79. The Chesapeake Defendants deny the allegations set forth in Paragraph 79.

**PRAYER FOR RELIEF**

The Chesapeake Defendants deny that Plaintiff is entitled to judgment or any other relief of any kind.

*************

The Chesapeake Defendants have endeavored to specifically address each allegation of the Complaint. To the extent any allegation remains unaddressed, the Chesapeake Defendants deny each and every such allegation, and incorporate by reference this response into each Paragraph above as if fully set forth therein.

**AFFIRMATIVE DEFENSES**

As further and separate defenses to the Complaint, and each claim pled therein, the Chesapeake Defendants allege the following separate and independent affirmative defenses, none of which constitutes an admission of or concurrence in the allegations of the Complaint. In pleading these affirmative defenses, the Chesapeake Defendants do not assume any burden of proof not otherwise imposed upon it by law.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff claims under Section 12 of the Securities Act of 1933 are barred because it did not purchase its securities from any of the Chesapeake Defendants, and the Chesapeake Defendants did not solicit Plaintiff's purchase as required by the statute.

THIRD AFFIRMATIVE DEFENSE

None of the alleged misstatements and/or omissions alleged in the Complaint was false or misleading.

FOURTH AFFIRMATIVE DEFENSE

None of the alleged misstatements and/or omissions alleged in the Complaint was material under the facts and circumstances that existed at the time of the Offering.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any losses it has suffered were not caused by the alleged misstatements or omissions. For this reason, Plaintiff has no recoverable damages or its recoverable damages are greatly reduced. The damages allegedly suffered by Plaintiff, if any, were caused in whole or in part by reasons, entities or persons other than the Defendants or their alleged actions, misstatements, failures to act or omissions. Any recovery is barred, or must be reduced to the extent Plaintiff's alleged harm, if any, was not caused by the Defendants.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because at the time of the securities transactions alleged in the Complaint, Plaintiff knew, or by the exercise of reasonable care could have known, the true facts concerning the matters alleged in the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged misstatements were accompanied by adequate cautionary language and/or are covered by the statutory safe harbor provisions for forward looking statements set forth in the Securities Act of 1933 (15 U.S.C. § 77z-2(c)(1)).

EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because the substance of the information that Plaintiff alleges was omitted or misrepresented was disclosed in Chesapeake's public filings, prospectuses and/or other public releases, or was otherwise known to the market and/or the investing community.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's securities were not purchased directly in the Offering, as required under Section 12 of the Securities Act of 1933 and were not issued in the Offering and/or cannot be traced to the Registration Statement as required under Section 11 of the Securities Act of 1933.

TENTH AFFIRMATIVE DEFENSE

Each of the individual Chesapeake Defendants is entitled to the "due diligence" defense under Sections 11 and 12 of the Securities Act of 1933 because each had, after reasonable investigation, reasonable ground to believe, and did believe, that the statements included in the Registration Statement were true, and that there was no omission to state a material fact required to be stated therein or necessary to make any statement not misleading.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any losses they have allegedly suffered are the result of Plaintiff's own acts or omissions in failing to take reasonable steps to protect their own interests.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and the members of the putative Plaintiff class were advised regarding the material facts and risks concerning their investments. Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any damages, such damages are subject to full or partial reduction based upon the fault of third parties and the Defendants place the liability of those parties at issue for the purposes of determining comparative fault, proportionate liability, or joint and several liability.

FOURTEENTH AFFIRMATIVE DEFENSE

The facts allegedly omitted from the Registration Statement were disclosed in the Registration Statement, and/or were not known or knowable at the time of the Offering, and/or constituted speculative information that as a matter of law was not required to be included in the Registration Statement.

FIFTEENTH AFFIRMATIVE DEFENSE

The facts allegedly omitted from the Registration Statement were not necessary to make any statement included therein not materially misleading.

SIXTEENTH AFFIRMATIVE DEFENSE

Claims against the individual Chesapeake Defendants are barred by Section 13 of the Securities Act of 1933.

September 30, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP
ROBERT P. VARIAN (*pro hac vice*)
JOSEPH GIOMETTI (*pro hac vice*)
LILY I. BECKER (*pro hac vice*)

*Counsel for Defendants Chesapeake Energy Corporation, Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, Frederick B. Whittemore*

*/s/ Robert P. Varian*
ROBERT P. VARIAN

The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415.773.5700
Facsimile: 415.773.5759

McAFEE & TAFT
JAMES R. WEBB, OBA #16548
211 North Robinson, Suite 1000
Oklahoma City, OK 73102
Tel.: 405.552.2246
Fax: 405.235.0439
Email: Jim.Webb@mcafeetaft.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2010, I electronically transmitted Answer to Plaintiff's Amended Complaint using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- **Hissan Ahsan Bajwa**
  hissanbajwa@paulhastings.com
- **Lily I Becker**
  lbecker@orrick.com,rrivera@orrick.com,gjohnson@orrick.com
- **Michael A. Betts**
  betts@lytlesoule.com
- **Michael C. Felty**
  felty@lytlesoule.com
- **Francis A DiGiacco**
  fdigiacco@csgrr.com
- **E Joseph Giometti**
  jgiometti@orrick.com
- **Daniel Bruce Goldman**
  dangoldman@paulhastings.com
- **James I. Jaconette**
  jamesj@csgrr.com
- **David S Keenan**
  dkeenan@orrick.com
- **Drew Neville , Jr.**
  dneville@hartzoglaw.com,gbrown@hartzoglaw.com
- **Reagan Therese Roth**
  reaganroth@paulhastings.com
- **M Todd Scott**
  tscott@orrick.com,elee@orrick.com
- **Robert P Varian**
  rvarian@orrick.com,bclarke@orrick.com
- **James R Webb**
  jim.webb@mcafeetaft.com,karen.hill@mcafeetaft.com

- **Ryan S Wilson**
  RWilson@hartzoglaw.com,swatts@hartzoglaw.com

## CERTIFICATE OF SERVICE BY U.S. MAIL

On September 30, 2010, I served a copy of Answer To Plaintiff's Amended Complaint on the interested parties in this action by causing true and correct copies thereof to be placed in sealed envelope(s) addressed as follows:

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 S Service Road, Suite 200
Melville, NY 11747

Mary Katherine Blasy
Scott & Scott LLP
600 B Street, Suite 1500
San Diego, CA 92101

Randi Dawn Bandman
Coughlin Stoia et al., LLP
52 Duane Street, 7th Floor
New York, NY 10007

Christopher J. Keller
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

Mark Peter Kindall
Schatz & Nobel, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103-3290

Jack G. Fruchter
Abraham, Fruchter & Twersky, LLP
One Pennsylvania Plaza, Suite 2805
New York, NY 10119

I am employed in the county from which the mailing occurred. On the date indicated above, I caused sealed envelope(s) to be placed for collection and mailing at this firm's office business address indicated above. I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2010, at San Francisco, California.

*/s/ Joseph Giometti*

E. Joseph Giometti (California Bar No. 240981)
Admitted *Pro Hac Vice*

ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: jgiometti@orrick.com

*Attorneys for Defendants Chesapeake Energy Corporation, Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breen M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, and Frederick B. Whittemore*