UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

UNITED FOOD AND COMMERCIAL WORKERS UNION, et al., individually and on behalf of all others similarly situated,

Plaintiff,

v.

CHESAPEAKE ENERGY CORPORATION, AUBREY K. MCCLENDON, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, RICHARD K. DAVIDSON, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, MERRILL A. MILLER JR., DONALD L. NICKLES, FREDERICK B. WHITTEMORE, UBS INVESTMENT BANK, ABN AMRO, BANC OF AMERICA SECURITIES LLC and WELLS FARGO SECURITIES,

Defendants.

CASE NO: 5:09-cv-01114-D

CLASS ACTION

**ANSWER OF UNDERWRITER DEFENDANTS
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants UBS Securities LLC, ABN AMRO Incorporated, Banc of America Securities LLC, and Wells Fargo Securities LLC (the "Underwriter Defendants"), by their attorneys Paul, Hastings, Janofsky & Walker LLP, in answer to the Amended Complaint dated September 11, 2009, state as follows:

1.      The Underwriter Defendants deny all allegations in Paragraph 1, except to admit that Plaintiff purports to describe the nature of this action and the putative class

that Plaintiff purports to represent.  The Underwriter defendants deny that Plaintiff has standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, in connection with the claims against the Underwriter Defendants brought under the Securities Act of 1933 (the "Securities Act").

2.      Paragraph 2 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 2.

3.      Paragraph 3 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 3.

4.      The Underwriter Defendants deny all allegations in Paragraph 4 except that to the extent that the allegations in Paragraph 4 relate to venue in the Southern District of New York no responsive pleading is required because the allegations are moot.  To the extent that Paragraph 4 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants admit that venue is proper in the Western District of Oklahoma.

5.      The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, except to admit on information and belief that United Food and Commercial Workers Union Local 880—Retail Employers Pension Fund is a plaintiff in this action.  To the extent that Paragraph 5 states a legal conclusion, no responsive pleading is required.

6.      The Underwriter Defendants deny knowledge and information sufficient to

form a belief as to the truth or falsity of allegations contained in Paragraph 6, except to admit that the allegations contained in Paragraph 6 describe Chesapeake Energy Corporation ("Chesapeake") at the time of the July 2008 offering (the "Offering"), and that Chesapeake is a publicly traded company under the symbol CHK, with its principal executive offices located at 6100 North Western Avenue, Oklahoma City, Oklahoma.

7.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, except to admit that Aubrey McClendon ("McClendon") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of McClendon and his employment history.

8.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, except to admit that Marcus C. Rowland ("Rowland") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Rowland and his employment history.

9.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, except to admit that Michael A. Johnson ("Johnson") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Johnson and his employment history.

10.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, except

to admit that Richard K. Davidson ("Davidson") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Davidson and his employment history.

11.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, except to admit that Frank A. Keating ("Keating") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Keating and his employment history.

12.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, except to admit that Breene M. Kerr ("Kerr") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Kerr and his employment history.

13.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, except to admit that Charles T. Maxwell ("Maxwell") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Maxwell and his employment history.

14.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, except to admit that Merrill A. Miller, Jr. ("Miller") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings

for a description of Miller and his employment history.

15.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, except to admit that Donald L. Nickles ("Nickles") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Nickles and his employment history.

16.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, except to admit that Frank B. Whittemore ("Whittemore") signed the registration statement and respectfully refer the Court to the Offering documents and to Chesapeake's public filings for a description of Whittemore and his employment history.

17.     Paragraph 17 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

18.     The Underwriter Defendants deny all allegations in Paragraph 18, except admit (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph), that at all times relevant to this action, Banc of America Securities LLC was an investment banking firm with its principal U.S. Offices located at 100 North Tryon Street, Charlotte, North Caroline 28202, or One Bryant Park, New York, New York 10036 (effective June 23, 2008), and acted as an underwriter and a Joint Book-Running Manager for the Offering.

19.     The Underwriter Defendants deny all allegations in Paragraph 19, except admit (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph), that at all times relevant to this action, UBS Securities LLC was an investment banking firm with its principal U.S. Offices located at 299 Park Avenue, New York, New York 10171, and acted as an underwriter and a Joint Book-Running Manager for the Offering.

20.     The Underwriter Defendants deny all allegations in Paragraph 20, except admit (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph), that at all times relevant to this action, ABN AMRO Incorporated was a New York corporation engaged in investment banking activities with New York offices located at 55 East 52nd Street, New York, New York 10055, and acted as an underwriter and a Joint Book-Running Manager for the Offering.

21.     The Underwriter Defendants deny all allegations in Paragraph 21, except admit (on information and belief as to all Underwriter Defendants except the one at issue in this Paragraph), that at all times relevant to this action, Wells Fargo Securities LLC was an investment banking firm with its principal U.S. Offices located at 600 California Street, San Francisco, California 94108, and acted as an underwriter and a Joint Book-Running Manager for the Offering.

22.     The Underwriter Defendants deny all allegations in Paragraph 22, except to admit that they served as underwriters for the Offering.

23.     The Underwriter Defendants deny all allegations in Paragraph 23, except to admit that in connection with their underwriting of the Offering, they performed

reasonable and customary due diligence into the business and operations of Chesapeake. The Underwriter Defendants admit (on information and belief as to all Underwriter Defendants except the one at issue in the allegation), that UBS executed a VPP agreement with Chesapeake in or about December 2007.  The Underwriter defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations related to Lehman, except that Lehman is now bankrupt.

24.     The Underwriting Defendants deny all allegations in Paragraph 24, except to admit that in connection with their underwriting of the Offering, they performed reasonable and customary due diligence, that as a result of such due diligence they reasonably and actually believed the statements in the Offering documents to be true, that they had discussions with Chesapeake's management concerning the Offering, received and commented upon the Offering documents, and, in conjunction with Chesapeake, set the price at which Chesapeake stock would be sold in the Offering.

25.     The Underwriting Defendants deny all allegations in Paragraph 25, except to admit that a prospectus supplement was filed with the SEC and that in connection with their underwriting of the Offering, they performed reasonable and customary due diligence and that as a result of such due diligence they reasonably and actually believed the statements in the Offering documents to be true.

26.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, except to deny that the allegations contained in Paragraph 26 fail to present a fair and complete description of Chesapeake's business, operations, and/or strategy, and refer the Court to

the prospectus supplement for the Offering and the documents incorporated therein for a complete description of such matters as of the time of the Offering.

27.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, except to admit on information and belief that Chesapeake filed with the SEC a Form S-3ASR dated on or about May 19, 2008.

28.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, except to refer the Court to the Form S-3ASR for a true and complete statement of its contents.

29.     The Underwriter Defendants deny knowledge and information sufficient to form a belief as to the truth and falsity of the allegations in Paragraph 29, except to refer the Court to the Form S-3ASR for a true and complete statement of its contents.

30.     The Underwriter Defendants deny all allegations in Paragraph 30, except to admit that on information and belief that a press release was issued by Chesapeake on July 8, 2008, and to refer the Court to the July 8, 2008 press release for a true and complete statement of its contents.

31.      The Underwriter Defendants deny all allegations in Paragraph 31, except to admit on information and belief that a press release was issued by Chesapeake on July 9, 2008 and to refer the Court to the July 9, 2008 press release for a true and complete statement of its contents.

32.     The Underwriter Defendant deny all allegations in Paragraph 32, except to admit on information and belief that a prospectus supplement was filed with the SEC on

or about July 9, 2008, and to refer the Court to the prospectus supplement for a true and complete statement of its contents.

33.     The Underwriter Defendants deny all allegations in Paragraph 33.

34.     The Underwriter Defendants deny all allegations in Paragraph 34, except to admit that the amount of McClendon's Chesapeake stock held in margin accounts was disclosed in a Form 14A, and that the 14A filing was incorporated by reference into the Registration Statement, and the Underwriter Defendants refer the Court to the Registration Statement for a true and complete statement of its contents.

35.     The Underwriter Defendants deny all allegations in Paragraph 35.

36.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36.

37.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37, except to refer the Court to the October 10, 2008 press release for a true and complete statement of its contents.

38.     The Underwriter Defendants deny all allegations in Paragraph 38, except to admit that the Registration Statement did not disclose that Lehman was a counter-party to hedging contracts with Chesapeake.

39.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39.

40.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40.

41.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

42.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42.

43.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43.

44.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44.

45.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45.

46.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46.

47.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47.

48.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48.

49.     Paragraph 49 consists of legal conclusions to which no responsive pleading is required, except the Underwriter Defendants admit that Chesapeake filed the Registration Statement for the Offering on a Form S-3.  To the extent that a response is required, the Underwriter Defendants deny all knowledge and information sufficient form a belief as to the truth or falsity of the allegations contained in Paragraph 49, except to deny such allegations to the extent that they suggest the Offering documents were false

and misleading.

50.     The Underwriter Defendants deny all allegations in Paragraph 50.

51.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth of falsity of the allegations contained in Paragraph 51, except to refer the Court to the October 10, 2008 press release for a true and complete statement of its contents.

52.     The Underwriter Defendants deny all allegations in Paragraph 52 except to state that the Registration Statement contained information regarding Chesapeake's hedging contracts, including with respect to the existence, terms and operation of "kick-out" provisions and refer the Court to the Registration Statement for a true and complete statement of its contents.

53.     The Underwriter Defendants deny all allegations in Paragraph 53, except the Underwriter Defendants state that the existence of "kick-out" hedges was disclosed in the Registration Statement, and refer the Court to the Registration Statement for a true and complete statement of its contents.

54.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54, except to refer the Court to the October 10, 2008 press release for a true and complete statement of its contents.

55.     The Underwriter Defendants deny all allegations in Paragraph 55.

56.     Paragraph 56 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny

all allegations in Paragraph 56.

57.     Paragraph 57 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 57, except that the Underwriter Defendants admit that Plaintiff's counsel is experienced in securities class actions.

58.     Paragraph 58 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 58.

59.     Paragraph 59 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 59.

60.     In response to Paragraph 60, the Underwriter Defendants repeat, reallege and incorporate their responses to each and every paragraph above.

61.     The Underwriter Defendants deny all allegations in Paragraph 61, except to admit that Plaintiff purports to bring a claim as described therein.

62.     Paragraph 62 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 62.

63.     The Underwriter Defendants deny all allegations in Paragraph 63.

64.     Paragraph 64 consists of legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 64, except to admit that Chesapeake is the registrant for the

Offering at issue.

65.     Paragraph 65 consists of legal conclusions to which no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny all allegations in Paragraph 65.

66.     The Underwriter Defendants deny all allegations in Paragraph 66.

67.     The Underwriter Defendants deny all allegations in Paragraph 67.

68.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth and falsity of the allegations contained in Paragraph 68.

69.     The Underwriter Defendants deny all allegations in Paragraph 69.

70.     In response to Paragraph 70, the Underwriter Defendants repeat, reallege and incorporate their response to each and every paragraph above.

71.     The Underwriter Defendants deny all allegations in Paragraph 71, except to admit that Plaintiff purports to bring a claim as described therein.

72.     Paragraph 72 consists of legal conclusions to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny all allegations in Paragraph 72.

73.     The Underwriter Defendants deny all allegations in Paragraph 73.

74.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth and falsity of the allegations in Paragraph 74, except the Underwriter Defendants deny that the prospectus contained untruths or omissions.

75.     The Underwriter Defendants deny all allegations in Paragraph 75.

76.     In response to Paragraph 76, the Underwriter Defendants repeat, reallege

and incorporate their response to each and every paragraph above.

77.     Paragraph 77 consists of legal conclusions to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny all allegations in Paragraph 77.

78.     The Underwriter Defendants deny all knowledge and information sufficient to form a belief as to the truth and falsity of the allegations contained in Paragraph 78.

79.     The Underwriter Defendants deny all allegations in Paragraph 79.

80.     To the extent the Complaint sets forth any allegation that the Underwriter Defendants have not responded to above, those allegations are denied.

## Affirmative Defenses

By way of further defenses, the Underwriter Defendants assert the following, which apply to each and every cause of action asserted in the Complaint against the Underwriter Defendants.

### First Affirmative Defense

The claims asserted against the Underwriter Defendants under Sections 11 and 12 of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff and others alleged to be members of the putative class lack standing to sue under the Securities Act, or to assert the Sections 11 and 12 claims against the Underwriter Defendants.

### Third Affirmative Defense

Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act, because the offering documents did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make statements made not misleading.

### Fourth Affirmative Defense

Plaintiff and the putative class are not entitled to any recover under the Securities Act from the Underwriter Defendants because the Underwriter Defendants conducted a reasonable investigation and had a reasonable ground to believe and did believe, at the time the Registration Statement became effective, that the statements contained therein were true and that there was no omitted material fact required to be stated therein or necessary to make the statements therein not misleading.

### Fifth Affirmative Defense

Any damages or injuries suffered by Plaintiff or the putative class, if any, were not caused by any act or omission on the part of the Underwriter Defendants.

### Sixth Affirmative Defense

Any loss or diminution in the securities, or any alleged damages or injuries suffered by Plaintiff or the putative class, are not the result of any alleged misrepresentation or omission in the Offering documents, and are the result in whole or in part of an intervening cause and unrelated to any act or omission on the part of the Underwriter Defendants.  Any recovery is barred, or must be reduced to the extent Plaintiff's alleged harm, if any, was not caused by the Underwriter Defendants.

## Seventh Affirmative Defense

Plaintiff and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiff and the putative class would have purchased the securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part because at the time of the securities transactions alleged in the Complaint, Plaintiff knew, or by the exercise of reasonable care could have known, the true facts concerning the matters alleged in the Complaint.

## Ninth Affirmative Defense

The Claims asserted in the Complaint are barred in whole or in part because the substance of the information that Plaintiff alleges was omitted or misrepresented was disclosed in Chesapeake's public filings, prospectuses and/or other public releases, or was otherwise known to the market and/or the investing community.

## Tenth Affirmative Defense

The facts allegedly omitted from the Registration Statement were disclosed in the Registration Statement, and/or were not known or knowable at the time of the Offering, and/or constituted speculative information that as a matter of law was not required to be included in the Registration Statement.

## Eleventh Affirmative Defense

The facts allegedly omitted from the Registration Statement were not necessary to

make any statement included therein not materially misleading.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part because any losses they have allegedly suffered are the result of Plaintiff's own acts or omission in failing to take reasonable steps to protect their own interests.

### Thirteenth Affirmative Defense

Plaintiff and the putative class were advised regarding the material facts and risks concerning their investments.  Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the alleged misstatements were accompanied by adequate cautionary language and/or are covered by the statutory safe harbor provisions for forward looking statements set forth in the Securities Act (15 U.S.C. §77z-2(c)(1)).

### Fifteenth Affirmative Defense

None of the Underwriter Defendants is liable under Section 11 of the Securities Act for damages in excess of the total price at which the securities underwritten and distributed by such underwriter to the public were offered to the public.

### Sixteenth Affirmative Defense

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because the Underwriter Defendants neither owed nor breached any duty to Plaintiff or the class to disclose information

allegedly omitted in the offering documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the offering documents.

### Seventeenth Affirmative Defense

To the extent Plaintiff is entitled to any damages, such damages are subject to full or partial reduction based upon the fault of third parties and the Underwriter Defendants place the liability of those parties at issue for the purposes of determining comparative fault, proportionate liability, or joint and several liability.

### Eighteenth Affirmative Defense

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

### Nineteenth Affirmative Defense

To the extent the Plaintiff and members of the putative class purchased the securities in the secondary market and not directly in the Offering as required under Section 12 of the Securities Act, and to the extent that the securities were not issued in the Offering and/or are not traceable to the Offering documents as required under Section 11 of the Securities Act, they are not entitled to any recovery from the Underwriter Defendants.

### Twentieth Affirmative Defense

Plaintiff's claims under Section 12 of the Securities Act are barred because it did not purchase its securities from any of the Underwriter Defendants, and the Underwriter Defendants did not solicit Plaintiff's purchase as required by the statute.

## Twenty-First Affirmative Defense

Plaintiff and members of the putative class are not entitled to any recovery from Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the offering documents were not material to the investment decisions of a reasonable investor.

## Twenty-Second Affirmative Defense

The Underwriter Defendants hereby adopt and incorporate by reference any act and all other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

## Defenses Reserved

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which it may become aware through discovery or other investigation.

WHEREFORE, the Underwriter Defendants request that

    a.  The Amended Complaint be dismissed with prejudice as to them;

    b.  They be awarded their costs of this suit;

    c.  They be awarded such other and further relief as the Court deems appropriate.

October 8, 2010

<u>s/ Dan Goldman</u>
Barry Sher (*Pro Hac Vice*)
Daniel Goldman (*Pro Hac Vice*)
Hissan Bajwa (*Pro Hac Vice*)
Reagan Roth (*Pro Hac Vice*)
Paul, Hastings, Janofsky & Walker, LLP
75 East 55th Street
New York, New York 10022
Tel:  (212) 318-6000

-and-

Ryan S. Wilson, OBA #14340
Hartzog, Conger, Cason & Neville
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, OK 73102
Tel: (405) 235-7000
Fax: (405) 996-3403

*Attorneys for Defendants UBS Securities
LLC, ABN AMRO Incorporated, Banc of
America Securities LLC and Wells Fargo
Securities LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the ECF registrants, any party who did not receive a copy by ECF was served by mail:

Michael A. Betts
Michael C. Felty
Lytle Soule & Curlee P.C.
119 N. Robinson Ave
Suite 1200
Oklahoma City, OK 73102

*-and-*

Samuel H. Rudman
David A. Rosenfeld
Robbins, Geller, Rudman & Dowd LLP
58 South Servicer Road, Suite 200
Melville, NY 11747

*-and-*

James I Jaconette
Francis A. DiGiacco
Robbins, Geller, Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*-and-*

Randi D. Bandman
Robbins, Geller, Rudman & Dowd LLP
52 Duane Street, 7th Floor
New York, NY 10007

*Attorneys for Plaintiff*

James R. Webb
McAfee & Taft
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102

*-and-*

Robert P. Varian
M. Todd Scott
E. Joseph Giometti
Lily I. Becker
Orrick, Herrington & Sutcliffe LLP
The Orrick Building, 405 Howard St.
San Francisco, CA 94105-2669

*-and-*

David Shane Keenan
Orrick, Herrington & Sutcliffe
701 Fifth Avenue Suite 5700
Seattle, WA 98104

*Attorneys for Defendants,
Chesapeake Energy Corp., Aubrey K
McClendon, Marcus C. Rowland,
Michael A. Johnson, Richard K.
Davidson, Frank A. Keating,
Breene M. Kerr, Charles T. Maxwell,
Merrill A. Miller, Jr., Donald L.
Nickles, Frederick B. Whittemore*

/s/  Dan Goldman