UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 5:09-cv-01114-D |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | LEAD PLAINTIFF'S MOTION TO |
| vs. | ) ) ) | COMPEL COMPLIANCE WITH THE COURT'S JANUARY 6, 2012 ORDER AND PRODUCTION OF DOCUMENTS |
| CHESAPEAKE ENERGY CORPORATION, et al., | ) ) ) | WITHHELD ON IMPROPER ASSERTIONS OF PRIVILEGE |
| Defendants. | ) ) | |

698524_1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.    PROCEDURAL BACKGROUND ....................................................... 2

    A.    Background Regarding McClendon's Failure to Comply with the Court's Order ................................................................................. 2

    B.    Background Regarding Defendants' Improper Assertions of Privilege ................................................................................ 4

III.    ARGUMENT ....................................................................................... 5

    A.    McClendon Should Be Compelled to Comply with the Court's January 6, 2012 Order ................................................................. 6

        1.    The Relevance of the Information McClendon Continues to Withhold Is Beyond Dispute ............................................. 6

        2.    McClendon's Self-Serving, Unilateral Redaction Is Improper .......... 7

        3.    Defendants Fail to Respond to Interrogatories Mirroring the Documents on Which the Court Ordered Discovery ...................... 10

    B.    Defendants Should Be Compelled to Produce Documents Withheld on Unfounded and Improper Assertions of Privilege ................................ 11

        1.    Defendants Have Waived Privilege By Asserting Reliance on Advice of Counsel ........................................................ 12

        2.    Defendants Continue to Withhold Press Releases and SEC Filings that Are Not Privileged ........................................ 15

IV.    CONCLUSION ................................................................................. 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bartholomew v. Avalon Capital Grp., Inc.*,
  No. 09-1279 2011 WL 6217313 (D. Minn. Apr. 28, 2011)....................................................7, 8

*Beverage Distribs., Inc. v. Miller Brewing Co.*,
  No. 2:08-cv-827, 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010)...........................................9

*Chevron Corp. v. Pennzoil Co.*,
  974 F.2d 1156 (9th Cir. 1992) .............................................................................................13

*Christman v. Brauvin Realty Advisors, Inc.*,
  185 F.R.D. 251 (N.D. Ill. 1999)...........................................................................................16

*Cotracom Commodity Trading Co. v. Seaboard Corp.*,
  189 F.R.D. 655 (D. Kan. 1999)........................................................................................6, 11

*David v. Alphin*,
  No. 3:07CV11, 2010 WL 1404722 (W.D.N.C. Mar. 30, 2010) ...........................................8

*Downs v. Brasted*,
  No. 92-cv-1611-MLB, 1993 WL 273369 (D. Kan. June 23, 1993) .....................................13

*Evello Invs. N.V. v. Printed Media Sers., Inc.*,
  No. 94-2254-EEO, 1995 WL 135613 (D. Kan. Mar. 28, 1995) .....................................13, 15

*Evon v. Law Offices of Sidney Mickell*,
  No. 09-0760 JAM GGH, 2010 WL 455476 (E.D. Cal. Feb. 3, 2010) ...................................8

*Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*,
  No. 03-1496, 2004 U.S. Dist. LEXIS 10197 (E.D. La. June 3, 2004)..................................16

*Frontier Ref., Inc. v. Gorman-Rupp Co.*,
  136 F.3d 695 (10th Cir. 1998) .......................................................................................12, 15

*Hageman v. Accenture, LLP*,
  No. 10-1759 2011 U.S. Dist. LEXIS 61727 (D. Minn. June 7, 2011)...................................9

*HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*,
  No. 08-2220-JWL, 2010 WL 4792388
  (D. Kan. Nov. 17, 2010) .................................................................................................8, 9

*In re 3 Com Corp. Sec. Litig.*,
  No. C-89-20480 WAI (PVT), 1992 U.S. Dist. LEXIS 22646
  (N.D. Cal. Dec. 10, 1992) ...................................................................................................16

**Page**

*In re CFS-Related Sec. Fraud Litig.*,
223 F.R.D. 631 (N.D. Okla. 2004).........................................................................................14

*In re Cooper Tire & Rubber Co.*,
568 F.3d 1180 (10th Cir. 2009) ..............................................................................................7

*In re Medeva Sec. Litig.*,
No. 93-4376-KN, 1995 WL 943468 (C.D. Cal. May 30, 1995)...............................................8

*In re ML-Lee Acquisition Fund II, L.P.*,
859 F. Supp. 765 (D. Del. 1994)............................................................................................13

*In re Qwest Commc'ns Int'l, Inc.*,
450 F.3d 1179 (10th Cir. 2006) ......................................................................................15, 16

*Johnson v. Kraft Foods N. Am., Inc.*,
236 F.R.D. 535 (D. Kan. 2006)................................................................................................7

*Lee v. Max Int'l, LLC*,
638 F.3d 1318 (10th Cir. 2011) ...............................................................................................5

*Lindley v. Life Investors Ins. Co. of Am.*,
267 F.R.D. 382 ( N.D. Okla. 2010)..............................................................................11, 12, 16

*McCoo v. Denny's Inc.*,
192 F.R.D. 675 (D. Kan. 2000)..............................................................................................11

*New Jersey v. Sprint Corp.*,
258 F.R.D. 421 (D. Kan. 2009)........................................................................................12, 15

*Oakley, Inc. v. Bugaboos Eyewear Corp.*,
No. 09-CV-2037- JLS JMA, 2010 WL 4117223 (S.D. Cal. Oct. 15, 2010)...........................14

*Peat, Marwick, Mitchell & Co. v. West*,
748 F.2d 540 (10th Cir. 1984) ...............................................................................................12

*Rich v. Martin Marietta Corp.*,
522 F.2d 333 (10th Cir. 1975) .................................................................................................7

*SEC v. Roberts*,
254 F.R.D. 371 (N.D. Cal. 2008)...........................................................................................16

*Sedillos v. Bd. of Educ. of Sch. Dist. No. 1*,
313 F. Supp. 2d 1091 (D. Colo. 2004)........................................................................12, 13, 14

**Page**

*Tran v. Sonic Indus. Servs., Inc.*,
  No. CIV-10-69-C, 2010 WL 5376348 (W.D. Okla. Dec. 21, 2010) .........................................7

*United States v. Gann*,
  732 F.2d 714 (9th Cir. 1984) ..............................................................................................15

*United States v. Reyes*,
  239 F.R.D. 591 (N.D. Cal. 2006)..........................................................................................17

*Williams v. Sprint/United Mgmt. Co.*,
  No. 03-2200-JWL-DJW, 2007 WL 634735 (D. Kan. Feb. 27, 2007) .......................................9

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
  Rule 26...........................................................................................................................1
  Rule 34........................................................................................................................1, 8
  Rule 34(b)(2)(E)(ii).........................................................................................................7
  Rule 37...........................................................................................................................1
  Rule 37(a)(4)...........................................................................................................1, 6, 17

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Lead Plaintiff United Food and Commercial Workers Union ("Lead Plaintiff") respectfully moves the Court to compel defendant Aubrey K. McClendon ("McClendon") to comply with the Court's January 6, 2012 Order (Dkt. No. 167) ("Jan. 6 Order") and produce all documents responsive to Request for Production of Documents No. 2 to Defendant Aubrey K. McClendon, subparts (a) and (d), without improper redaction, as well as the directly corresponding contextual information requested in Interrogatories to Defendant Aubrey K. McClendon Nos. 1, subparts (h) and (k), and 2.  Lead Plaintiff also respectfully moves the Court to compel defendants[1] to produce all documents improperly withheld as attorney-client privileged, as identified herein.  Lead Plaintiff further requests any additional relief the Court deems appropriate under Federal Rule of Civil Procedure 37.

## I.  INTRODUCTION

On January 6, the Court explicitly ordered McClendon to produce all "bank, brokerage, or other financial account statements" as well as all "financial statements identifying [his] assets, liabilities, or income" as of July 9, 2008.  To date, McClendon has failed to comply.  Instead, he has substantially or completely redacted every single page of the purportedly responsive documents on grounds of irrelevance, and refused to provide basic contextual information requested in directly corresponding interrogatories.  For example, McClendon refuses to even provide Bates ranges for the inordinately redacted (and

---

[1]      "Defendants" refers to Chesapeake Energy Corp., Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles and Frederick B. Whittemore.

thus largely indecipherable) documents he purports are responsive.  This despite well over a year of good faith accommodation by Lead Plaintiff, a full round of motion to compel briefing and argument, and a direct order from the Court compelling McClendon to produce the very information he continues to withhold.

So, too, defendants continue to withhold hundreds of admittedly relevant documents on plainly improper assertions of privilege.  Lead Plaintiff has made every accommodation to defendants, identifying the many deficiencies in their assertions, affording repeated privilege log revisions, and patiently explaining that attorney-client privilege has in any event been affirmatively waived by defendants' interjection of advice of counsel into the litigation.  All to no avail; defendants remain unmoved.

Thus, as Lead Plaintiff remains still without documents and information critical to the just resolution of this case, the Court's intervention is warranted and Lead Plaintiff's motion should be granted.

## II.   PROCEDURAL BACKGROUND

### A.   Background Regarding McClendon's Failure to Comply with the Court's Order

One of the principal claims in this case centers on defendant McClendon's financial position.  *See* Complaint, ¶¶34-37; Court's March 30, 2012 Order (Dkt. No. 217) at 2; Jan. 6 Order at 2.   Accordingly, Lead Plaintiff requested documents and related information establishing McClendon's financial position.  *See* Declaration of David W. Hall in Support of Lead Plaintiff's Motion to Compel Compliance with the Court's January 6, 2012 Order and Production of Documents Withheld on Improper Assertions of Privilege ("Hall Decl."), Exs. 1-2.  McClendon, however, flatly refused, taking the position that documents and

- 2 -

information necessary to establish his financial position were somehow irrelevant to his financial position. *Id.*, Exs. 3-4. Still, over months, Lead Plaintiff made every effort to explain the obvious relevance and import of the information requested to a revolving cast of defense counsel. Lead Plaintiff's Oct. 14, 2011 Motion to Compel Defendant Chesapeake and the Individual Defendants to Produce Documents and Information and Supporting Brief (Dkt. No. 128) ("Oct. 14 MTC") at 2-3, 5-6 (detailing extensive meet and confer history). Notwithstanding Lead Plaintiff's trying show of good faith, McClendon held to his relevance objection, adamant in his refusal to produce. Thus left with no other option, Lead Plaintiff sought the Court's intervention by moving to compel, *inter alia*, McClendon to produce responsive documents and respond to corresponding interrogatories. *Id.* at 1 ("to produce documents responsive to . . . Plaintiff's First Set of Requests for Production of Documents to Aubrey McClendon. Plaintiff also respectfully moves the Court for an order compelling . . . McClendon to respond to . . . Plaintiff's First Set of Interrogatories to McClendon").[2]

After full briefing and oral argument by the parties, the Court overruled McClendon's objections, granted Lead Plaintiff's motion in pertinent part, and ordered McClendon to produce within 30 days all "bank, brokerage, or other financial account statements" as well as all "financial statements identifying [his] assets, liabilities, or income" as of July 9, 2008.

---

[2]      Lead Plaintiff propounded two different sets of interrogatories on McClendon, a set issued to all individual defendants including McClendon and another directed solely at McClendon. Defendants responded to these separate discovery requests with two, identically titled documents. *Compare* Hall Decl., Ex. 4 *with* Hall Decl., Ex. 5. As a result, though Lead Plaintiff's Oct. 14 Motion to Compel references the correct response, the identically titled yet differing response was inadvertently attached thereto. *See* Dkt. No. 129, Ex. 4.

Jan. 6 Order at 8; Hall Decl., Ex. 1 at 12.  Moreover, the Court held "that discovery may be had regarding [those] documents."[3]  Jan. 6 Order at 8. Yet, rather than comply and produce the now indisputably relevant documents and information already improperly withheld for over a year, McClendon has instead substantially or completely redacted nearly every page of those same documents and refuses to respond to the corresponding interrogatories. CHK00159508-943 (McClendon's inordinately redacted production).[4]

### B.   Background Regarding Defendants' Improper Assertions of Privilege

After defendants' motions to dismiss were denied, Lead Plaintiff began serving document requests in January 2011 consistent with the Court's Scheduling Order.  *See* January 24, 2011 Scheduling Order (Dkt. No. 91).  Lead Plaintiff did not receive defendants' original privilege log until October 28, 2011.  It was readily apparent that defendants had withheld well over 1000 directly relevant communications, emails, and other documents

---

[3]     Lead Plaintiff moved for the production of documents and information regarding several items of discovery, including Lead Plaintiff's First Set of Interrogatories to Defendant Aubrey McClendon.  Dkt. No. 128 at 5, 16-20; Dkt. No. 129, Ex. 16.  Though the Court's January 6 Order did not explicitly reference these interrogatories, its import in their regard is clear.  The Court ordered "that discovery may be had regarding documents covered by Request No. 2, subparts (a) and (d)."   Jan. 6 Order at 8.   Those documents are McClendon's "bank, brokerage, or other financial account statements" as well as all "financial statements identifying [his] assets, liabilities, or income" as of July 9, 2008.  Hall Decl., Ex. 1 at 12.  Interrogatories No. 1, subparts (h) and (k), merely requests defendants to identify by Bates number those exact same categories of documents, and Interrogatory No. 2 requests basic contextual information, for example date, in regard to those same documents. Hall Decl., Ex. 2.  Thus, Lead Plaintiff understands that the Court's directive "that discovery may be had regarding" these documents warrants the production of the information requested in Interrogatory Nos. 1, subpart (h) and (k), and 2.  *See* Jan. 6 Order at 8.

[4]     Lead Plaintiff's Opposed Motion for Leave to File Documents Under Seal is respectfully before the Court.  *See* Dkt. Nos. 179, 210, 215.

upon purported, but plainly improper, assertions of attorney-client privilege.  In good faith, and in accord with Western District of Oklahoma Local Rule 37.1, Lead Plaintiff meticulously identified, charted, and explained both in writing and at length over telephonic conference the myriad deficiencies of defendants' assertions, and requested that defendants thus produce these plainly non-privileged documents.  *E.g.*, Hall Decl., Ex. 6.  Defendants conceded several of the deficiencies identified, committing to re-review the bulk of the privilege log entries and produce all documents that had been improperly withheld.

Now months later, defendants have failed to produce as agreed.  Their revised privilege log still seeks to withhold hundreds of documents that are both plainly relevant and non-privileged.  *See* Hall Decl., Ex. 7.  Indeed, defendants' assertions of privilege still fail for the same deficiencies Lead Plaintiff has repeatedly and patiently explained.  Most critically, defendants still fail to acknowledge that, even had a sufficient showing been made (it certainly has not), privilege would still not attach to these documents because defendants have waived attorney-client privilege by affirmatively interjecting reliance on the advice of counsel into the litigation.  Thus, the present motion.

As time has long since passed for the production of these indisputably relevant documents and corresponding information, Lead Plaintiff hereby respectfully requests the Court's intervention.

## III.    ARGUMENT

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered."  *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011).  Indeed, the

Federal Rules expressly rebuke such "evasive or incomplete" discovery as effectively no discovery at all.  Fed. R. Civ. P. 37(a)(4) ("[E]vasive or incomplete" discovery responses "must be treated as a failure to . . . respond.").  Defendants' shell game approach here is thus inexcusable.  McClendon's inordinate redaction on foregone grounds of relevance and refusal to provide even the most basic corresponding information renders his production incomplete, and his dereliction directly contravenes an explicit order of the Court.  And because defendants have failed to establish the elements of, and have in fact affirmatively waived, attorney-client privilege, defendants' assertions thereof are remiss and provide no basis for their continuing failure to produce.  More still, defendants' tact is plainly dilatory, simply adding to already well over a year of wasted party and judicial resources.  At bottom, defendants continue to inexcusably withhold documents and information critical to this case. Lead Plaintiff's motion should be granted.

A.    **McClendon Should Be Compelled to Comply with the Court's January 6, 2012 Order**

1.    **The Relevance of the Information McClendon Continues to Withhold Is Beyond Dispute**

The Court already overruled McClendon's relevance objection and ordered the production of the documents and information McClendon now seeks to shield.  Jan. 6 Order at 8.  Thus, no relevance objection remains available, let alone justified. *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("Overruling an objection eliminates its availability for a later response.").  Moreover, "'[i]t is plain that the scope of discovery through interrogatories and requests for production of documents . . . is extensive,'" and certainly warrants the full productions ordered by the

Court.  *Tran v. Sonic Indus. Servs., Inc*., No. CIV-10-69-C, 2010 WL 5376348, at *1 (W.D.

Okla. Dec. 21, 2010) (quoting *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir.

1975)).[5]  More still, McClendon already concedes the relevance and responsiveness of these

documents through production (albeit subject to egregious redaction).  Thus, the relevance of

these documents and corresponding information is beyond dispute and certainly cannot

justify McClendon's derelict production.

### 2.   McClendon's Self-Serving, Unilateral Redaction Is Improper

First, it is well established that redaction for relevance is improper.  "[A] party should

not be limited by its opponent's theory of the case in determining what is discoverable," *In

re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009), "a party may not

unilaterally withhold information or documents that are responsive to a discovery request by

stating that 'all relevant, non-privileged' responsive information or documents have been . . .

produced." *Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 541 (D. Kan. 2006).  And

even if relevance remained in dispute (it does not), "the Federal Rules of Civil Procedure do

not grant parties the power to unilaterally redact information on the basis of relevance."

*Bartholomew v. Avalon Capital Grp., Inc*., No. 09-1279 (MJD/AJB), 2011 WL 6217313, at

*11 (D. Minn. Apr. 28, 2011); *cf. Johnson*, 236 F.R.D. at 541.  Thus, courts within the Tenth

Circuit, such as that in *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, reason that:

> the duty to "produce documents as they are kept in the usual course of
> business" includes   the substantive contents of those documents. *See also* Fed.

---

[5]      Unless otherwise noted, internal citations are omitted and emphasis is added.

> R. Civ. P. 34(b)(2)(E)(ii) (party must produce information "in a form or forms in which it is ordinarily maintained").  Certainly, a party that seeks to "inspect" a document would anticipate being able to inspect the entire document. . . . There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information. In sum the Court cannot countenance Defendants' "redaction campaign."

No. 08-2220-JWL, 2010 WL 4792388, at *5-*6 (D. Kan. Nov. 17, 2010).

Indeed, as the court in *Bartholomew* explained:

> It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information. Fed. R. Civ. P. 34 concerns the discovery of "documents"; it does not concern the discovery of individual pictures, graphics, paragraphs, sentences, or words within those documents. Thus, courts view "documents" as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of Fed. R. Civ. P. 34.

2011 WL 6217313, at *11.

There is a tremendous amount of consistent authority.  *E.g.*, *Evon v. Law Offices of Sidney Mickell*, No. 09-0760 JAM GGH, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010) ("a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case"); *In re Medeva Sec. Litig.,* No. 93-4376-KN AJWX, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995) ("The Court does not welcome unilateral editing of documents by the producing party."); *David v. Alphin*, No. 3:07CV11, 2010 WL 1404722, at *7 (W.D.N.C. Mar. 30, 2010) ("the court is troubled by wholesale unilateral red[a]ction of documents" for "[t]he court knows of no better way to ensure that a motion to compel will be filed than to unilaterally black out large portions of documents").

Second, and more particularly, where, as here, "a party produces a document pursuant to a court order . . . that party has the obligation to produce the document 'as is' without redactions." *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2007 WL 634735, at *2 (D. Kan. Feb. 27, 2007); *see also Hageman v. Accenture, LLP*, No. 10-1759 (RHK/TNL), 2011 U.S. Dist. LEXIS 61727, at *12 (D. Minn. June 7, 2011) ("It is widely understood that 'items,' 'documents,' 'electronically stored information,' and 'designated tangible things' are made relevant by virtue of the fact that part of the whole is relevant.").

Undeterred by the Federal Rules, widely settled law, or even this Court's explicit instruction, McClendon has redacted substantially or completely every page of every indisputably relevant document produced solely on the basis of his own unilateral and self-serving determinations of relevance. CHK00159508-943. Such redaction is not only plainly improper, but also unfairly prejudicial. By deleting this information from the record, McClendon hampers Lead Plaintiff's ability to piece together relevant contextual information, not to mention the document requested by Lead Plaintiff and ordered by the Court to be produced. McClendon does not (indeed cannot) justify this disregard for Lead Plaintiff's right to pursue this action.[6]

---

[6]   Neither does defendants' post hoc suggestion of *in camera* review alleviate the prejudice and waste of resources caused by their improper redaction. Dkt. No. 210 at 5-6. "'[T]he Court should not be burdened with an *in camera* inspection of redacted documents merely to confirm the relevance or irrelevance of redacted information.'" *HR Tech.*, 2010 WL 4792388, at *6 (quoting *Beverage Distribs., Inc. v. Miller Brewing Co.*, No. 2:08-cv-827, 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010)).

### 3. Defendants Fail to Respond to Interrogatories Mirroring the Documents on Which the Court Ordered Discovery

Just as McClendon should be compelled to comply with the Court's order to produce, unredacted, all "documents covered by Request No. 2, subparts (a) and (d)," so should he be compelled to comply with the Court's order "that discovery may be had regarding [those] documents." Jan. 6 Order at 8. Interrogatory Nos. 1(h) and (k), and 2 were moved on, *see* Oct. 14. MTC at 1, and directly mirror Request No. 2, subparts (a) and (d), upon which the Court explicitly ordered "discovery may be had." Jan. 6 Order at 8. Indeed, the interrogatories use precisely the same language as the requests. *Compare* Request No. 2(a) ("bank, brokerage, or other financial account statements"), *with* Interrogatory No. 1(h) ("bank, brokerage, or other financial account statements"). Also *compare* Request No. 2(d) ("financial statements identifying [his] assets, liabilities, or income"), *with* Interrogatory No. 1(k) ("financial statements identifying [his] assets, liabilities, or income"). Hall Decl., Exs. 1-2. While Interrogatory No. 1 simply requires McClendon to identify by Bates range the documents he purports are responsive, Interrogatory No. 2 simply requests defendants to state whether and when those purportedly responsive documents were provided to Chesapeake. Hall Decl., Ex. 2, Interrogatory Nos. 1 (h) and (k), 2. Thus, there could hardly be more directly corresponding discovery regarding the documents ordered produced than the information requested by these interrogatories.

Nonetheless, defendants have refused to even respond, much less provide the basic information requested. In fact, defendants refused to respond even after acknowledging that they need only provide a Bates range in response to Interrogatory No. 1, subparts (h) and (k). Rather, defendants reassert the same prematurity and duplication objections that the Court's

Order expressly overruled in regard to the Interrogatory Nos. 8 and 9 to Chesapeake. Jan. 6 Order at 7 ("objections to these interrogatories are not well taken . . . and are overruled"). Because these objections have been overruled, they are no longer viable. *Cotracom*, 189 F.R.D. at 662. Moreover, the Court's prior reasoning rejecting these objections applies all the more now months later. "[A]s discovery has been ongoing in this case since early 2011, the notion that the interrogatories are premature is without merit." Jan. 6 Order at 7.

As defendants have no viable objection, and indeed the Court already ordered that this "discovery may be had," defendants should be compelled to comply and provide this plainly relevant, contextual information regarding McClendon's "bank, brokerage, or other financial account statements" and "financial statements identifying [his] assets, liabilities, or income" as of July 9, 2008. *See* Jan. 6 Order at 8.

**B.     Defendants Should Be Compelled to Produce Documents Withheld on Unfounded and Improper Assertions of Privilege**

Defendants also continue to improperly withhold documents to which attorney-client privilege has not been justified and in any event cannot attach. Hall Decl., Ex. 8. The party asserting attorney-client privilege bears the burden of establishing its applicability and thus must "'describe in detail' the documents or information sought to be protected and . . . provide sufficient information to enable the court to determine whether ***each element*** . . . is satisfied." *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000) (emphasis in original); *see also Lindley v. Life Investors Ins. Co. of Am.*, 267 F.R.D. 382, 389 ( N.D. Okla. 2010) (privilege depends on, and thus asserting party bears the burden of establishing, "the context of or circumstances surrounding the communication"). The "elements of the attorney-client privilege are: (1) where legal advice of any kind is sought, (2) from a

professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection be waived." *See New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009).  Because Chesapeake has failed to establish these elements as to many withheld documents, attorney-client privilege has not been established and these documents should be produced.  *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

### 1.    Defendants Have Waived Privilege By Asserting Reliance on Advice of Counsel

To establish attorney-client privilege, a party must establish lack of waiver.  *Sprint*, 258 F.R.D. at 426 ("The burden of showing that the privilege has ***not*** been waived remains with the party claiming the privilege.") (emphasis in original); *Lindley*, 267 F.R.D. at 391 (same).  But here, defendants made no attempt to show lack of waiver, and thus have failed to establish attorney-client privilege as to the documents they continue to withhold.  *See* Hall Decl., Ex. 7.  Because this essential element of attorney-client privilege has not been established, privilege does not attach and the documents must be produced.  *Sprint*, 258 F.R.D. at 426.

Moreover, even had defendants attempted to make this required showing it would be for naught because any applicable privilege that attached to attorney-client communications has been waived through defendants' interjection of the issue of advice of counsel into the litigation.  *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 700 (10th Cir. 1998) (interjecting reliance on advice of counsel "'constitute[s] a waiver of the attorney-client privilege'"); *Sedillos v. Bd. of Educ. of Sch. Dist. No. 1*, 313 F. Supp. 2d 1091, 1094  (D.

Colo. 2004) ("'attorney client privilege [is] waived . . . by raising attorney advice as a defense'").  When a party "'asserts reliance on advice of counsel as a defense . . . fairness dictates that [it] be held to have waived the privilege for communications with counsel relating to the claimed reliance.'"  *Evello Invs. N.V. v. Printed Media Sers., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *6 (D. Kan. Mar. 28, 1995); *see also In re ML-Lee Acquisition Fund II, L.P.*, 859 F. Supp. 765, 767 (D. Del. 1994) ("In order for plaintiffs to have a fair and adequate opportunity to test and rebut Defendants' allegations that they sought advice from counsel, plaintiffs are entitled to know, for example, whether the . . . Defendants disclosed all material facts to counsel, whether counsel gave an otherwise well-informed opinion, did the . . . Defendants follow the advice from counsel."); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) (explaining "[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield").

Here, defendants have affirmatively waived attorney-client privilege as to all documents concerning the Offering by raising the affirmative defense of reliance on the advice of counsel in due diligence for the Offering.  *Evello*,  1995 WL 135613, at *6 (once a party "claims that its reliance upon advice of counsel demonstrates [an issue], that client has waived the protections afforded by the attorney-client privilege . . . as to 'all communications relating to the issue'") (quoting *Downs v. Brasted*, No. 92-cv-1611-MLB, 1993 WL 273369, at *1 (D. Kan. June 23, 1993)).  Defendants have asserted a due diligence affirmative defense of which reliance on the advice of counsel is an essential element.  Chesapeake Defendants' Answer to Plaintiff's Amended Complaint (Dkt. No. 80) at 14 ("Tenth Affirmative Defense . . .  Each of the individual Chesapeake Defendants is entitled to the 'due diligence'

- 13 -

defense . . . because each had, after reasonable investigation, reasonable ground to believe . . . .”). Moreover, defendants expressly intend to rely on advice of counsel in support of this affirmative defense. *See, e.g.*, Hall Decl., Ex. 9 at 20-22 (stating in support of his due diligence defense that “McClendon relied in good faith on . . . legal advice [provided] in connection with the prospectus and Offering”).  Having placed this advice squarely at issue, and intending to wield it in support of an affirmative defense, Chesapeake cannot now use attorney-client privilege to shield related communications from discovery. *Sedillos*, 313 F. Supp. 2d at 1093 (“The attorney-client privilege cannot be used as both a sword and a shield.”); *In re CFS-Related Sec. Fraud Litig.*, 223 F.R.D. 631, 636 (N.D. Okla. 2004). (“attorney-client privilege . . . waived by  . . ‘put[ing] the protected information at issue’”); *see also Oakley, Inc. v. Bugaboos Eyewear Corp.*, No. 09-CV-2037- JLS JMA, 2010 WL 4117223, at *2 (S.D. Cal. Oct. 15, 2010) (“When a party puts at issue legal advice it received, e.g., by way of an advice of counsel defense, it waives the attorney-client privilege with respect to those communications.”).

Indeed, defendants have indicated they sought out and relied upon the advice of attorneys and outside parties with respect to the risks allegedly omitted from the Offering and the preparation and publication of SEC filings in relation thereto. *See, e.g.*, Hall Decl., Ex. 9 at 20 (stating in support of his Tenth Affirmative Defense, *i.e.*, due diligence defense, that “McClendon relied in good faith on . . . information, opinions, reports, and statements presented by . . . lawyers”), 21 (“Chesapeake’s internal legal team, Commercial Law Group, PC, and Bracewell Giuliani LLP . . . provided legal advice . . . in connection with the prospectus and Offering.”), 21-22 (“External due diligence was performed by . . .  Cravath,

- 14 -

698524_1

Swaine & Moore LLP.").  Further, many of the documents withheld as listed in defendants'

privilege log purportedly "reflect" or otherwise concern "legal advice" regarding the

Offering and related SEC filings.  *See* Hall Decl., Ex. 7, Ex. 8, Groups 1&3.

      While Lead Plaintiffs believes any defense of due diligence asserted by defendants

lacks merit, defendants nonetheless raise this defense, and in doing so, assert they sought out

and received counsel advice during the period.  Where, as here, "a party asserts as an

essential element of his defense reliance upon the advice of counsel, the party waives the

privilege with respect to all communications, whether written or oral, to or from counsel

concerning the transactions for which counsel's advice was sought. In other words, the

advice of counsel defense requires full disclosure of all the material facts." *Evello*, 1995 WL

135613, at *6; *Frontier Ref.*, 136 F.3d at 700.  Because attorney-client privilege has been

waived as to these documents, they must be produced.

### 2.    Defendants Continue to Withhold Press Releases and SEC Filings that Are Not Privileged

      Defendants also continue to withhold many relevant documents that were made

without any intention of confidentiality, and thus to which attorney-client privilege cannot

attach.  *See* Hall Decl., Ex. 8, Group 2.  To properly invoke attorney-client privilege,

defendants must establish that documents and their contents were made with the intention

that they would remain in confidence.  *In re Qwest Commc'ns Int'l, Inc.*, 450 F.3d 1179,

1185 (10th Cir. 2006); *Sprint*, 258 F.R.D. 421; *see also United States v. Gann*, 732 F.2d 714,

723 (9th Cir. 1984).  Information included in Chesapeake's press releases and filings with

the Securities and Exchange Commission was plainly intended to be made public, in fact was

disclosed to the public (the press and investors) and third parties (the SEC), and thus cannot

be deemed made "under circumstances from which it may reasonably be assumed that the communication will remain in confidence." *In re Qwest*, 450 F.3d at 1185 (privilege waived through disclosure to government); *see also In re 3 Com Corp. Sec. Litig*., No. C-89-20480 WAI (PVT), 1992 U.S. Dist. LEXIS 22646, at *2-*3 (N.D. Cal. Dec. 10, 1992) ("because the [draft press releases] were intended for publication, there was a lack of intent to maintain confidentiality, a requirement of privilege"); *Christman v. Brauvin Realty Advisors, Inc*., 185 F.R.D. 251, 256-57 (N.D. Ill. 1999) (ordering the production of drafts and comments concerning 8-K forms and proxy statements). Because Chesapeake has failed to demonstrate that the draft press releases and SEC filings concern, or were intended to be, anything other than public information, privilege has not been demonstrated and these documents should be produced. *Id.*

Nor can defendants withhold the varied iterations and drafts of these documents, as inclusion within a draft document intended to be made public is plainly counter to any suggestion that this information was reasonably assumed to remain in confidence. *Id*.; *see also Lindley*, 267 F.R.D. at 404 ("'parts of draft[s] . . . ultimately disclosed to third parties via the final version[s] . . . must be disclosed'"); *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc*., No. 03-1496, 2004 U.S. Dist. LEXIS 10197, at *24 (E.D. La. June 3, 2004) ("draft press release[s]" are not privileged because "a press release, by its very nature, is meant for the public eye and is not privileged"). Whether the drafts themselves were ever physically disclosed or shared with the SEC or public is irrelevant. *SEC v. Roberts*, 254 F.R.D. 371, 379 n.6 (N.D. Cal. 2008) ("it is irrelevant that the physical notes were never handed over if the . . . conclusions were made known to third parties");

*United States v. Reyes*, 239 F.R.D. 591, 604 (N.D. Cal. 2006) ("[I]t makes no difference whether a privilege-holder copies a written text, reads from a written text, or describes a written text to an outside party. . . . [T]he transmission of privileged information is what matters, not the medium through which it is conveyed.").

Because these documents were intended for public and/or third party disclosure, they are not privileged and should be produced.

## IV.   CONCLUSION

For all the foregoing, Lead Plaintiff respectfully requests that the Court compel McClendon to produce complete, unredacted versions of all documents responsive to Request No. 2, subparts (a) and (d), and the information requested in Interrogatory Nos. 1, subparts (h) and (k), and 2, and further that defendants produce all documents identified in Hall Decl., Ex. 8.  Lead Plaintiff further requests any additional relief the Court deems appropriate under Federal Rule of Civil Procedure 37.

DATED:  April 2, 2012                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         JAMES I. JACONETTE
                                         FRANCIS A. DIGIACCO
                                         DAVID W. HALL


                                                 s/ DAVID W. HALL
                                         _____
                                                 DAVID W. HALL

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDI D. BANDMAN
52 Duane Street, 7th Floor
New York, NY  10007
Telephone:  212/693-1058
212/693-7423 (fax)

Lead Counsel for Plaintiff

SCHWARZWALD McNAIR & FUSCO LLP
EBEN O. McNAIR IV
616 Penton Media Building
1300 East Ninth Street
Cleveland, OH  44114-1503
Telephone:  216/566-1600
216/566-1814 (fax)

Additional Counsel for Plaintiff

LYTLE, SOULÉ & CURLEE, P.C.
MICHAEL C. FELTY
MICHAEL A. BETTS
119 North Robinson, Suite 1200
Oklahoma City, OK  73102
Telephone:  405/235-7471
405/232-3852 (fax)

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 2, 2012.

s/ DAVID W. HALL
DAVID W. HALL

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       dhall@rgrdlaw.com

# Mailing Information for a Case 5:09-cv-01114-D

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Hissan Ahsan Bajwa**
  hissanbajwa@paulhastings.com

- **Lily I Becker**
  lbecker@orrick.com,rrivera@orrick.com,gjohnson@orrick.com

- **Michael A Betts**
  betts@lytlesoule.com,mjones@lytlesoule.com

- **Francis A DiGiacco**
  fdigiacco@rgrdlaw.com

- **Michael C Felty**
  felty@lytlesoule.com,weis@lytlesoule.com,fisher@lytlesoule.com

- **E Joseph Giometti**
  jgiometti@orrick.com

- **David W Hall**
  dhall@rgrdlaw.com

- **Kenneth P Herzinger**
  kherzinger@orrick.com

- **Christin J Hill**
  chill@orrick.com,rquiban@orrick.com

- **James I Jaconette**
  jamesj@rgrdlaw.com,karenc@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David S Keenan**
  dkeenan@orrick.com

- **Drew Neville , Jr**
  dneville@hartzoglaw.com,gbrown@hartzoglaw.com

- **Reagan Therese Roth**
  reaganroth@paulhastings.com

- **Jodi R Sarowitz**
  jsarowitz@loeb.com,tcummins@loeb.com

- **M Todd Scott**

tscott@orrick.com,elee@orrick.com

- **Jonathan N Strauss**
  jstrauss@loeb.com,tcummins@loeb.com

- **Robert P Varian**
  rvarian@orrick.com,bclarke@orrick.com

- **James R Webb**
  jim.webb@mcafeetaft.com,karen.hill@mcafeetaft.com,dianna.peters@mcafeetaft.com

- **Alyson M Weiss**
  aweiss@loeb.com,tcummins@loeb.com

- **Ryan S Wilson**
  RWilson@hartzoglaw.com,dcecrle@hartzoglaw.com,acox@hartzoglaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Randi Dawn Bandman**
,

**Mary Katherine Blasy**
,

**Jack Gerald Fruchter**
,

**Christopher J Keller**
,

**Mark Peter Kindall**
,

**David Avi Rosenfeld**
,

**Samuel Howard Rudman**
,

**Barry G Sher**
,