**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-09-1114-D |
| CHESAPEAKE ENERGY CORPORATION, et al., | ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

**<u>ORDER</u>**

Before the Court are Lead Plaintiff's motion to compel, for sanctions, and for a deposition protocol [Doc. No. 282], and Defendants' motion [Doc. No. 295] for a protective order seeking to prohibit discovery regarding topics which Defendants contend are not at issue in this lawsuit, but are involved in other securities litigation and are subject to a discovery stay pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U. S. C. § 77z-1(b).   Because these motions are related, the Court addresses both in this Order.

On July 25, 2012, the Court conducted a hearing on the motions.[1]  Based on the parties' briefs and the arguments at the hearing, the Court concludes that Lead Plaintiff's motion should be granted in part and denied in part, and Defendants' motion for a protective order should be granted. The Court also concludes, with the agreement of the parties, that a deposition protocol should be established.

The Court will not repeat in this Order the parties' extensive arguments set out in their respective briefs.  In summary, Lead Plaintiff's motion seeks to sanction Defendants' counsel for

---

[1]The hearing was preceded by an office conference ordered by the Court and designed to allow the parties another opportunity to resolve this dispute without Court intervention.  Because the parties advised they were unable to reach agreement, the Court conducted the hearing.

allegedly improperly instructing a witness not to answer deposition questions on specific topics on the grounds that those topics are not relevant to the issues in this lawsuit. Lead Plaintiff contends that counsel's conduct is improper under the Federal Rules of Civil Procedure, and sanctions should be imposed. Further, Lead Plaintiff asks the Court to adopt a deposition protocol to prevent such conduct in future depositions.

In response, Defendants explain that counsel's objection to certain questions posed in the deposition was not based on relevance. Instead, counsel objected to questions regarding topics they contend are not at issue in this lawsuit but are the subject of a separate lawsuit, *Weinstein v. McClendon*, CIV-12-465, a putative class action case pending before the Honorable Vicki Miles-LaGrange.[2] That lawsuit asserts claims against Chesapeake Energy Corporation ("Chesapeake") and its directors based on alleged breaches of fiduciary duty and other wrongdoing in connection with Chesapeake's Founder Well Participation Program ("FWPP"), the Heritage Fund, and the Chesapeake directors' travel expenditures and related matters allegedly occurring in 2010 and thereafter. Because discovery in *Weinstein* is stayed pursuant to the PSLRA, 15 U. S. C. § 77z-1(b), Defendants argue pursuing discovery in this case on the allegations asserted in *Weinstein* is improper. Defendants further argue that, even if the PSLRA stay were not in place, the topics are nevertheless beyond the scope of discovery in this case because Lead Plaintiff's claims are limited to alleged omissions in the July 2008 offering materials, and do not involve the FWPP, the Heritage Fund, and the other 2010 occurrences at issue in *Weinstein*.[3]

---

[2] Defendants also note that related shareholder derivative actions are also pending before Judge Miles-LaGrange.

[3] Defendants also argue that, at the time the deposition at issue was taken, counsel for Lead Plaintiff in this case was seeking appointment as lead counsel in the litigation pending before Judge Miles-La Grange, thereby creating the potential for utilizing in that litigation discovery which was otherwise precluded by the PSLRA stay. Prior to the July 25 hearing, however, Judge Miles-LaGrange appointed another firm to act as lead counsel in that litigation.

In response, Lead Plaintiff concedes that claims based on the FWPP and Heritage Fund are not asserted in this lawsuit.  However, it argues that discovery on these topics is appropriate because the Chesapeake directors have asserted in this case a defense based on due diligence. According to Lead Plaintiff, their conduct regarding the FWPP and Heritage Fund is relevant to the issue of their due diligence, or lack thereof, in connection with the allegations in this lawsuit.

Having heard the arguments of counsel, the Court concludes that, although Defendants' counsel properly argued at the deposition in question that the questions on these topics were outside the scope of the claims and defenses in this lawsuit, it was not proper for counsel to instruct the deponent not to answer the questions.  Instead, counsel should have first asked opposing counsel to proceed with questions other than those on these challenged topics and then, if opposing counsel persisted in pursuing the challenged topics, Defendants' counsel should have invoked Fed. R. Civ. P. 30(d) (3) and suspended the deposition pending a motion to terminate or limit it to preclude questions on the challenged topics.[4]

To the extent Lead Plaintiff contends that instructing a witness not to answer a deposition question on grounds other than the form of the question or other bases recognized in the Federal Rules of Civil Procedure was improper,  the motion is granted.  However, the Court does not find that Defendants' counsel should be sanctioned.  The parties' arguments reflect that, although counsel should not have instructed his witness not to answer, counsel did not act in bad faith, and his actions are not sanctionable. Lead Plaintiff's motion for sanctions is denied.    With respect to Lead Plaintiff's request for a deposition protocol, counsel for Defendants agrees that a protocol is appropriate to avoid the reoccurrence of similar disputes in future depositions.

---

[4]During the oral argument, the parties advised the Court that they agreed to proceed with the deposition on topics other than those challenged by Defendants, and in fact completed all other lines of inquiry.

The Court also finds that Defendants' motion for a protective order should be granted. The Court agrees with Defendants that the questions regarding the FWPP, the Heritage Fund, the directors' travel, and other issues are beyond the proper scope of discovery in this case. Allegations regarding the foregoing are not asserted in this lawsuit, but are asserted in other litigation. Such questions are not relevant to the claims and defenses in this case, and are not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Thus, the underlying basis for Defendants' objection to the deposition topics was correct, and discovery on these topics is outside the scope of proper discovery in this lawsuit. Accordingly, the Court grants Defendants' motion for a protective order and precludes discovery on those topics in this lawsuit.

Finally, with respect to Lead Plaintiff's request for a deposition protocol, the Court agrees that, given the record of discovery disputes in this lawsuit, a deposition protocol should be adopted. During the July 25 hearing, Defendants' counsel indicated agreement to a form of protocol. Accordingly, depositions in this action are governed by the following protocol:

1. All objections, except those that would be waived if not made at the deposition under Fed. R. Civ. P. 32(d)(3)(B) (such as form objections), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion pursuant to Fed. R. Civ. P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions;

2. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more. If the form of the question is objectionable, counsel should say nothing other than "object to the form of the question." Deposing counsel may

seek clarification of the precise basis of the objections;

3.   Counsel shall not direct a deponent to refuse to answer a question unless specifically permitted by Fed. R. Civ. P. 30(c)(2), *i.e.*, to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d); and

4.   In the event a line of questioning will necessitate a motion to terminate or limit the deposition under Fed. R. Civ. P. 30(d), questioning counsel shall exhaust all other lines of questioning regarding which no similar objection is lodged before the deposition is suspended.  Any motion to terminate or limit a deposition shall be filed no later than three days following the suspension of the deposition, and a response to such motion shall be filed no later than two days thereafter.

IT IS SO ORDERED this 27th day of July, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE