**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL )<br>  WORKERS UNION, et al.,           )<br>                                                          )<br>          Plaintiff,                              )<br>                                                          )<br>vs.                                                     )<br>                                                          )<br>CHESAPEAKE ENERGY CORPORATION, )<br>  et al.,                                          )<br>                                                          )<br>          Defendants.                       ) | No. CIV-09-1114-D<br>Class Action |

## ORDER

Before the Court is Lead Plaintiff's Unopposed Motion [Doc. No. 359] for Entry of Partial Final Judgment pursuant to Federal Rule of Civil Procedure 54(b). As explained in the motion, the Court's March 29, 2013 Order [Doc. No. 354] granted summary judgment in favor of Defendants Chesapeake Energy Corporation, Aubrey K. McClendon, Marcus C. Rowland, Michael A. Johnson, Richard K. Davidson, Frank A. Keating, Breene M. Kerr, Charles T. Maxwell, Merrill A. Miller, Jr., Donald L. Nickles, and Frederick B. Whittemore (collectively, the "Chesapeake Defendants") on all claims asserted against them in this action. The only remaining claims are asserted against UBS Investment Bank, ABN AMRO, Banc of America Securities LLC, and Wells Fargo Securities (the "Underwriter Defendants"). The Underwriter Defendants have not yet filed a summary judgment motion.

Lead Plaintiff now asks the Court to proceed with entry of a final judgment in favor of the Chesapeake Defendants, and the other parties do not oppose that request. Lead Plaintiff also states its intent to appeal the March 29, 2013 Order, and asks the Court to determine that, because the Order resolves all claims asserted against the Chesapeake Defendants, it constitutes a final judgment for Rule 54(b) purposes. Lead Plaintiff further asserts that there is no just reason for delaying entry

of a final judgment.

Pursuant to Rule 54(b), in a case involving multiple claims and/or parties, the Court may enter final judgment as to one or more, but fewer than all, claims or parties where it has disposed of some claims or parties in a ruling intended to be final as to the claims or parties addressed therein. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).  Before judgment may be entered pursuant to Rule 54b), the Court must determine that three prerequisites are satisfied: 1) there are multiple claims or parties; 2) there has been a final resolution of at least one claim; and 3) there is no just reason to delay an appeal of the existing ruling. *Jordan v. Pugh,* 425 F.3d 820, 826 (10th Cir. 2005).

In this case, these requirements are satisfied.  There are multiple parties and multiple claims in this case, and the Court's March 29 Order granted judgment only as to the claims against the Chesapeake Defendants.  Furthermore, the Order was intended to be final as to the resolution of Lead Plaintiff's claims against the Chesapeake Defendants, as it constitutes the "ultimate disposition" of the claims against some of the defendants in a multiple-party case. *Jordan*, 425 F.3d at 826 (citations omitted).  Accordingly, the Court finds the initial requirements of Rule 54(b) are satisfied.

With respect to the final requirement that there is no just reason to delay final judgment, the Court must balance the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).   In this case, the claims addressed in the March 29 Order are the same as those remaining against the Underwriter Defendants, with the exception of a claim against the latter parties based on Section 15 of the 1933 Securities Act.  However, the similarity of the claims does

not necessarily preclude entry of a judgment at this time. *See, e.g., Monarch Asphalt Sales Co. v. Wilshire Oil Co. of Texas,* 511 F.2d 1073, 1076 (10th Cir. 1975). Where, for example, the remaining similar claims are subject to an indefinite stay, entry of judgment was not precluded. *Transmontaigne Product Services, Inc. v. Danfair Properties, Inc.*, 2011 WL 3820820 (D. Colo. Aug. 30, 2011) (unpublished).

In this case, the parties have separately filed a motion which will dispose of Lead Plaintiff's remaining claims against the Underwriter Defendants by seeking dismissal without prejudice of those claims pursuant to Fed. R. Civ. P. 41(a)(2). By separate Order to be entered herein, the Court will grant the joint motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). Accordingly, the possibility of piecemeal appeals is avoided.

The Court finds that, under these circumstances, here is no just reason to delay the entry of a final judgment, and the requirements of Rule 54(b) are satisfied. Accordingly, the motion [Doc. No. 359] is GRANTED. Judgment shall enter accordingly.

IT IS SO ORDERED this 21st day of June, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE